**In re NICHOLS.**

No. 17506.

District Court, S. D. New York.

July 21, 1943.

Emmet L. Holbrook, of New York City, for Trustee.

Marlow & Hines, of New York City, for B. Altman & Co., a creditor.

Kamen & Ostertag, of New York City, for Stern Brothers, a creditor.

Walter W. Land, of New York City, for claimant, Elizabeth R. Hammer.

Bronson, Rice & Lyman, of New Haven, Conn. (Charles M. Lyman, of New Haven, Conn., of counsel), for bankrupt's heirs.

Stanley Traceski and B. J. Monkiewicz, both of New Britain, Conn., for Ancillary Trustee in Connecticut.

GODDARD, District Judge.

Review of certificate of referee in bankruptcy in respect to interest allowed on certain claims, and compensation and disbursements allowed.

On December 18, 1912, the bankrupt filed a voluntary petition and was adjudicated a bankrupt. She was examined at the first and at an adjourned meeting of creditors. No assets were disclosed and on December 8, 1913, the referee filed his certificate that there were no assets. No application for the appointment of a trustee was made; none was appointed and the case closed. The bankrupt filed no application for a discharge and no discharge was granted.

■ Twelve creditors filed proofs of debt aggregating $2,563.50 within the prescribed period. No formal order was made allowing these claims, but they were duly docketed; no objection was made to them, and they were included in the referee's report which is to be regarded as an indirect order of allowance. Cf. In re Jayrose Millinery Co., Inc., 2 Cir., 93 F.2d 471; In re Two Rivers Woodenware Co., 7 Cir., 199 F. 877.

On May 29, 1913, the bankrupt died in Branford, Connecticut, leaving three sons surviving.

Some twenty-seven years after the filing of the petition in bankruptcy, it was discovered that the bankrupt had failed to disclose in her schedules or her examinations certain assets, namely—a vested remainder of a one-tenth interest in the estate of one Eli F. Rogers, which vested in 1899, and a one thirty-second interest in the estate of one Henry B. Norton, which vested in 1889, and the possibility of a remainder of $10,000 upon the termination of the latter estate.

On January 24, 1940, B. Altman & Co., one of the creditors who had filed proof of claim in June, 1913, obtained an order re-opening the proceedings to administer the unadministered assets and a trustee was appointed who proceeded against the executors of the two estates and collected $17,906.17 for the bankrupt's estate.

■ On February 15, 1940, Elizabeth H. Hammer, as executrix of the will of Valdemar T. Hammer, filed proof of debt for $3,460. This claim was objected to on the ground that it had not been filed in time, but the objection was overruled by the referee, who made an order on May 10, 1943 pursuant to Section 57, sub. n, of the Bankruptcy Act, 11 U.S.C.A. § 93, sub. n, allowing the Hammer claim to be paid out of any surplus remaining after payment in full of the claims of creditors which were filed within the period prescribed by the Bankruptcy Act.

The trustee has more than enough assets to meet administration expenses and to pay the principal on all claims originally filed. The referee has ruled that "paid in full" in Section 57, sub. n, means principal with interest, and accordingly that the twelve original creditors were entitled to payment of principal and interest up to date of payment, and that the claim of the dilatory claimant is to be satisfied from the remaining surplus. Claimant Hammer objects to this and contends that "paid in full" means payment of principal without interest, and that the payment to them of interest at six per cent for this long period will leave little with which to pay her claim.

Section 57, sub. n, 11 U.S.C.A. § 93, sub. n, of the Bankruptcy Act provides: "* * * Claims which are not filed within six months after the first date set for the first meeting of creditors shall not be allowed: Provided, however, * * *. When in any case all claims * * * have been *paid in full,* claims not filed within the time hereinabove prescribed may nevertheless be filed within such time as the court may fix or for cause shown extend and, if duly proved, shall be allowed against any surplus remaining in such case." [Italics mine.]

■ Prior to this amendment of 1938 included in Section 57, sub. n, of the Chandler Act, no such remedy in favor of dilatory claimants existed. The history of the amendment seems to indicate that the purpose of the amendment is not to deprive those claimants who filed within the prescribed time of the right to payment of their claims with interest but to allow a dilatory claimant to satisfy his claim out of any surplus that thus remains instead of such surplus being turned over to the bankrupt. The Act itself makes a distinction as to the source of payment. Priority claimants out of a general fund; dilatory claimants out of surplus. That the twelve creditors who filed their claims within the period prescribed by the Bankruptcy Act are entitled to interest where the estate is solvent, seems to be clear from the opinion in Brown v. Leo, 2 Cir., 34 F.2d 127, where it says, page 128: "But this estate [is] solvent, and neither the rule nor the reason for stopping interest * * * applies to an estate which turns out to be solvent. Johnson v. Nor-

ris, [5 Cir.], 190 F. 459, L.R.A.1915B, 884, and cases there cited." In Johnson v. Norris, 5 Cir., 190 F. 459, at page 466, L.R.A.1915B, 884, it is stated:—"The bankrupts should pay their debts in full, principal and interest to the time of payment, whenever the assets of their estates are sufficient. The balance then remaining should be returned to the bankrupts." See also In re Hopkins, D.C., 15 F.2d 206; Collier on Bankruptcy, 14th Ed., Vol. III, p. 1839.

No case directly in point has been cited, nor have I found any, but for the reasons above stated I think that the referee was right in holding that "paid in full" to the twelve priority creditors means payment of principal and interest, and that the dilatory claimant, Hammer, is to be satisfied from any remaining surplus.

The referee has carefully considered the allowances for services and disbursements, has given good reasons for his recommendations, and in my judgment they should be confirmed.

The report of the referee is confirmed.

Settle order on notice.