## No. 17,412.

PEOPLE EX REL. KIMBALL, DIRECTOR OF THE GAME AND
FISH DEPARTMENT *v.* CRYSTAL RIVER CORPORATION ET AL.
(280 P. [2d] 429)

Decided February 21, 1955.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank A. Wachob, Deputy, Mr. Omer L. Griffin, First Assistant Attorney General, Mr. Robert F. Carr, Assistant Attorney General, for the People.

Mr. Allyn Cole, for defendants in error.

En Banc.

Mr. Justice Knauss delivered the opinion of the Court.

Thomas L. Kimball, Director of the Game and Fish Department, hereinafter referred to as relator, on November 12, 1953 filed in the name of the People of the State of Colorado a petition in which he named the Crystal River Ranch Company, and three individuals as the Board of Arbitration, in the matter of the claim of the Crystal River Ranch `Company, Claimant v. Colorado Game and Fish Commission, as respondents, to review an award of said arbitrators in favor of Claimant.

Later, an amended petition was filed in which the same respondents were named. A motion to dismiss the amended petition as against said arbitrators was sustained on January 27, 1954. This ruling has not been preserved for review and appears to have been accepted without objection by the Attorney General.

On February 27, 1954 a second amended petition was

filed in which the Crystal River Ranch Company was named as sole respondent. A motion by the latter for summary judgment was sustained; judgment of dismissal entered in favor of defendant in error; and the Attorney General brings the case here for review by writ of error.

This second amended petition of relator alleged these simple facts: That the Crystal River Corporation, claimant, made claim and proof of loss to the Colorado Game and Fish Department that bear had caused the death of forty-four .of its sheep; that the claim was submitted to arbitrators, before whom all parties appeared and submitted evidence; that an award was made in favor of claimant. The remainder of the petition is given over to general assertions consisting of a list of legal conclusions to the general effect that the board of arbitrators was wrong on both the facts and the law. No factual allegations appear. It also is alleged that the arbitrators abused their discretion.

The claim filed by respondent is not in the record before us, neither is any of the evidence taken before the arbitrators submitted. The record herein discloses that pursuant to chapter 73, '35 C.S.A., respondent submitted its claim for loss of, and damage to, its sheep. Pursuant to section 44 of said chapter 73, arbitrators were appointed; a hearing had; testimony taken, and an award made in favor of respondent. The award of the arbitrators is not before us, and we must assume that it was in proper form and not objectionable on its face. Relator, being dissatisfied with the award, filed the petition here under review asking the trial court to review the claim, enter proper orders and hold for naught the award of the arbitrators.

In essence, the general assembly, by chapter 73, '35 C.S.A., abrogated the attribute of the sovereignty of the state in matters of this kind and made the state liable "for any and all damages done to the real or personal property of any person * * * by any wild animals protected by the game and fish laws of the state, such dam-

ages to be determined and paid as provided in Sections 42 to 50 of this chapter." Section 43 of said chapter provides for the notice to be given the state game and fish commissioner. Section 44 provides that if the claimant is dissatisfied with the conclusion of the commissioner, a board of arbitrators shall be appointed who shall by section 46 make a report within sixty days and by section 48 it is provided: "The award of the arbitrators, or a majority of them, shall be drawn up in writing and signed * * * *and said award shall be final* in the same manner and to the same extent as provided for arbitration in the code of civil procedure." Section 49 provides for forwarding a certified copy of the award to the game and fish commission and the auditor of state is authorized to draw a warrant for the payment of the same, and the state treasurer is authorized to pay the same out of the game and fish fund.

Defendant in error complied with each and every one of these requirements.

Rule 109 (g) R.C.P. Colo. (the old code provision) provides that, "Such matter so arbitrated shall be held to have been adjudicated and settled, and not open, either directly or indirectly, for review; but this shall not be construed to prevent an adjudication by arbitrators from being impeached and set aside for fraud or other sufficient cause, the same as a judgment of a court of record, nor to prohibit relief on the ground of mistake, inadvertance, surprise or excusable neglect, as in case of other judgments, orders or proceedings of the court."

The Attorney General suggests that chapter 73, '35 C.S.A., provides for a compulsory arbitration on the part of the state, and argues it is, therefore, unconstitutional. This question was not even suggested in the trial court, and as relator participated in the arbitration, named one arbitrator, and submitted evidence, we decline to pass upon the question of the constitutionality of what the Attorney General says is "compulsory arbitration." Having availed itself of the provisions of the

statute, and concurred in its applicability, the state is in no position now to challenge the validity of the provision made by the general assembly for the speedy and convenient method of settling these disputes. The question of compulsory arbitration is not here involved.

We think it is fundamental law that an individual or an agency of the state may not freely participate in the selection of arbitrators, in accordance with statute, attend the hearing, submit his evidence, hope for a favorable award, and in the event of an adverse finding, seek a review merely because the award is unfavorable to him or it. It is fundamental that arbitration in its very nature is a method of settling disputes without court procedure. In *Twin Lakes v. Rogers,* 112 Colo. 155, 147 P. (2d) 828, we held: "Arbitrators 'are the final judges of both law and fact, and an award will not be reviewed or set aside for mistake in either.' "

In *Wilson v. Wilson,* 18 Colo. 615, 34 Pac. 175, we determined the award of the arbitrators has the same sanctity as a final judgment of a court of last resort. There, the trial court set aside the award of arbitrators citing as one reason therefor that there was no proof to sustain one item of the award. Evidently, in the Wilson case, testimony before the arbitrators was submitted to the trial court, at least it was considered by the trial court. In reversing the judgment, the court said: "In this case the district court went behind the award and substituted its judgment upon both the law and the facts of the case for that of the arbitrators. * * * Giving to the award the effect of a judgment, and this action of the district court is not sustained by either reason or authority, * * * for, while such awards may be set aside for fraud, accident or mistake, the fraud must be practiced upon the arbitrators, or some accident or mistake must be shown by which they were deceived and misled."

The evidence considered by the arbitrators, and the law by them applied, are matters which the arbitrators passed on and their conclusions on both are final.

The award of the arbitrators is of equal dignity with a judgment, and may only be reviewed for the causes set forth in Rule 109 R.C.P. Colo.

What do we have in the present case to confer jurisdiction on the trial court to review the award? The Attorney General admits the claim of defendant in error was submitted to arbitration "under and pursuant to the laws of Colorado applicable thereto."

The general assembly by chapter 73, '35 C.S.A., in clear and unequivocal language declared that all game is the property of the state. It is admitted that bear are protected big game, and by section 42 of said chapter 73, '35 C.S.A., the state was made liable for any and all damage done to any real or personal property by "any wild animals protected by the game and fish laws of the state, such damages to be determined and paid as provided in sections 42 to 50 of this chapter." The intention of the general assembly is clearly set forth in this chapter. It was simply this: That persons, whose property is damaged by protected game animals the property of the state, may be reimbursed for their loss, provided they submit the question of their loss, if disputed by the game and fish department, to arbitration, and that the matter be speedily and finally settled by the award of the arbitrators. Under the provisions of this chapter a speedy and adequate remedy is afforded for the determination of such claims. It was for the general assembly to determine public policy with reference to these matters. It enacted chapter 73, '35 C.S.A., and thereby declared the public policy of this state to be that if damage is sustained because of depredations of protected wild animals, claims so arising in the event of disallowance by the proper official, be submitted to arbitration and, as above noted, the award of the arbitrators is final. By Rule 109 (g) R.C.P. Colo. it is provided that, "* * * such matters so arbitrated shall be held to have been adjudicated and settled, and not open, either di-

rectly or indirectly, for review," except by impeachment for fraud, etc.

The record before us contains no allegation which even remotely brings the case within the exceptions. The Attorney General conceded that the "mistake" complained of was an honest mistake on the part of the arbitrators, who, we repeat, were not parties to the second amended petition.

It is urged by the Attorney General that under the allegations of the second amended petition the award was subject to review under Rule 106 (a) (4) R.C.P. Colo., and it is argued that this was a petition in the nature of certiorari. The arbitrators' final award, when certified to the state auditor, authorizes this state officer to draw a warrant in favor of the claimant, and authorizes the state treasurer to pay the same. Under the record here submitted, we hold the procedure authorized by chapter 73, '35 C.S.A., makes certiorari wholly inappropriate. Clearly, the arbitrators had jurisdiction, and under the well known rule that a writ in the nature of certiorari will not issue as a matter of right, but only on good cause shown, we must hold that the record before us contains nothing to justify even an inference of fraud or abuse of discretion on the part of the arbitrators.

The judgment of the trial court should be, and it accordingly is, affirmed.