WESTERN OIL FIELDS, Inc., a corporation, Appellant,

v.

Floyd L. RATHBUN, Appellee.

No. 5632.

United States Court of Appeals Tenth Circuit.

Nov. 23, 1957.

Rehearing Denied Jan. 9, 1958.

33. 15 U.S.C.A. § 717f(c).

70

Darwin D. Coit, Denver, Colo. (A. Marvin Lungren and Leland E. Modesitt, Denver, Colo., were with him on the brief), for appellant.

Fred M. Winner, Denver, Colo. (Max D. Melville, Denver, Colo., was with him on the brief), for appellee.

Before MURRAH, PICKETT and LEWIS, Circuit Judges.

PICKETT, Circuit Judge.

Floyd L. Rathbun brought this action for the enforcement of a Colorado judgment entered on an arbitration award pursuant to Rule 109 of the Colorado Rules of Civil Procedure. This is an appeal by the defendant, Western Oil Fields, Inc., a corporation,[1] from a summary judgment upholding the award and directing compliance with its terms. Western admits that it has refused to

be bound by the award, contending that it is void for the reason that it fails to describe specifically the property which Rathbun was to convey with warranties to Western.

On October 9, 1953 Rathbun agreed to sell to Western approximately 2,800 acres of oil-producing properties in Eddy County, New Mexico, commonly known as the "Turkey and Artesia Tracts". Payment of the purchase price of $590,000, less adjustments for various claims against the property and Rathbun, was to be made in common stock of Western. Shortly after the agreement, Western took possession of the properties and has since remained in possession, receiving all income therefrom. Western delivered 190,000 shares of its stock to an escrow agent for delivery to Rathbun when the transaction was completed.

Prior to the closing of the transaction the value of Western's stock increased, and a dispute arose between the parties, which concerned, principally, the nature and amount of consideration for the sale and means and manner of payment, as well as certain conditions which were to be satisfied and performed by the parties. An agreement was then entered into providing that "All of the disputes arising from and relating to the sale of said oil and gas properites presently existing between Buyer and Seller shall be submitted to the decision of a single arbitrator to be selected as hereinafter set forth. The arbitration shall be conducted under and in accordance with the provisions of Rule 109 of the Colorado Rules of Civil Procedure and all of the parties agree to be bound by the decision of the arbitrator with respect to both questions of fact and questions of law."[2] It recited that: "said controversy relates principally to the nature and amount of consideration for the sale, the means and manner of payment and the terms and conditions to be satisfied and performed by the Buyer and Seller, respectively,

---

1. The parties will be hereinafter referred to as "Rathbun" and "Western".

2. In the arbitration agreement the land was only referred to as "certain oil and gas properties situated in the State of New Mexico."

* * *." The agreement provided that no formal proceedings should be required but that each party should furnish the arbitrator and other parties with a concise statement of its or his contentions.

Robert H. McWilliams, a Colorado District Judge, was selected as arbitrator. In Western's statement of contentions to the arbitrator it alleged, in substance, that the intention of the parties was that Rathbun should be given sufficient stock of Western, which if sold at the then existing market price, was to produce a sum of money equal to the difference between the stated price of $590,000 and the aggregate claims of the creditors. It was stated that Rathbun "never agreed to accept his stipulated number of shares of stock; rather, he agreed to accept an amount of stock having a market value equal to a stated cash amount at the time, if ever, payment was due him". This seems to be the principal issue tried by the arbitrator.[3] In submitting the matter to the arbitrator, the descriptions of the land was in general terms, which were used throughout the extensive hearings. Specific descriptions of the properties were attached to exhibits submitted to the arbitrator, but there was no dispute as to the descriptions and, apparently, there is none now, as Western desires to keep the property. Western submitted to the arbitrator an exhibit in which it stated that there was good title to 2,560 acres of the land, but it questioned Rathbun's title to 240 acres, which contention was disposed of by the arbitrator.

■ We agree with the trial court that Western's contention that the arbitrator's award is void upon its face because of indefiniteness is without merit. Colorado, over a long period of time, has recognized and favored arbitration as a convenient method of adjusting disputes. Wilson v. Wilson, 18 Colo. 615, 34 P. 175. Arbitrators are the final judges of both law and fact, and an award will not be reviewed or set aside because of a mistake of the arbitrator in either. People ex rel. Kimball v. Crystal River Corp., 131 Colo. 163, 280 P.2d 429; Twin Lakes Reservoir & Canal Co. v. Platt Rogers, Inc., 112 Colo. 155, 147 P.2d 828. In People ex rel. Kimball v. Crystal River Corp., supra, 280 P.2d 432, the court said:

"We think it is fundamental law that an individual or an agency of the state may not freely participate in the selection of arbitrators, in accordance with statute, attend the hearing, submit his evidence, hope for a favorable award, and in the event of an adverse finding, seek a review merely because the award is unfavorable to him."

■■ Rathbun and Western had the right under their agreement to submit any dispute which existed to the arbitrator. Under Rule 109 of the Colorado Rules of Civil Procedure and the decisions of the Colorado Courts, the arbitrator's decision as to dispute submitted to him were final and binding upon the parties. The arbitrator did not have the power to determine any matters which were not submitted to him. In Wright Lumber Co. v. Herron, 10 Cir., 199 F.2d 446, 448, this court said:

"* * * It is well established that the jurisdiction to make awards is limited to disputes expressly submitted for arbitration. So also it is equally well settled that one who attacks the legality of an award has the burden of sustaining such attack." (Footnotes omitted).

We think it quite clear that Western has not sustained this burden. Of course Western is entitled to the conveyance and warranty for which the sales agreement provided, if it has not already received them, but that question was not before the arbitrator and therefore, the general reference in the award to the property was a sufficient description for the purpose of the award. We find it unnecessary to pass upon the question of

3. The arbitrator also disposed of numerous credits which the parties claimed.

whether the general description used by the arbitrator would have been sufficient had there been a dispute concerning the lands to be conveyed.

Affirmed.