John J. BYRNES, Trustee for Charles Albert Lund, Bankrupt, Plaintiff,

v.

PHOENIX ASSURANCE COMPANY OF NEW YORK, a foreign corporation, Defendant.

No. 57–C–160.

United States District Court
E. D. Wisconsin.
Nov. 20, 1959.

Thomas P. Maroney, Milwaukee, Wis., for plaintiff.

W. A. Sheldon, Kenosha, Wis., for defendant.

GRUBB, District Judge.

The case is before the court on defendant's motion for summary judgment.

This is an action by the trustee for Charles Albert Lund, bankrupt (Lund), for the benefit of creditors. The trustee claims damages in the amount of $73,-306.39 plus interest, allegedly resulting from defendant's failure to exercise good faith in failing to settle a personal injury action arising out of a collision between an automobile driven by the bankrupt and another driven by Montgomery Ward Thorne (Thorne) in which Carol Lind (Lind) was a passenger. Defendant (Phoenix) was Lund's insurer, and Hartford Accident and Indemnity Company (Hartford) was the insurer of the Thorne vehicle.

The record before the court on the motion for summary judgment consists of the pleadings, depositions and affidavits, and exhibits attached thereto, and appellant's appendix in Lind v. Lund, 1954, 266 Wis. 232, 63 N.W.2d 313, containing the trial court's decision and portions of the trial record in the State court, admitted by stipulation. The court also notes the bankruptcy records in In re Charles Albert Lund, Bankruptcy File No. 29,765.

Under Wisconsin law, the trustee can prevail only on a showing that defendant acted in bad faith in carrying out its obligations to the insured in respect to the investigation, defense, or settlement of the Lind claim. Berk v. Milwaukee Automobile Ins. Co., 1944, 245 Wis. 597, 15 N.W.2d 834.

As stated in the Berk case, 245 Wis. at page 601, 15 N.W.2d at page 836:

> "The test is not whether the defendant acted negligently, but whether it acted in bad faith toward the plaintiff."

Lund and his wife both claimed to have been seriously injured as a result of the accident. They both made claim against Thorne and his insurer. As will be noted from the case of Lind v. Lund, supra, Carol Lind, passenger in the Thorne automobile, was very seriously injured. The Thorne policy limit for injuries to any one person was $15,000, and the Lund policy limit was $10,000.

It will be seen from the above that the Lunds had a definite interest in their own recovery as well as in being protected from liability to Lind. The defendant herein was under a potential liability to Lind and to Mrs. Lund. While both Lund and the defendant herein had substantially the same interests so far as negligence and liability were concerned and so far as being protected against a claim by Lind, during the negotiations there was bound to be some conflict in interest—that of Lund trying to get the

best settlement he could for himself and his wife, which desire impeded the defendant's prospect of making settlement of the Thorne claim. Also, the low limits on the policies and the fact that apparently Thorne was beneficiary to some substantial trusts in Chicago made settlement negotiations extremely difficult because Thorne and his insurer were reluctant to settle and give up their right of contribution against Lund and his insurer.

Among the conduct asserted as establishing the lack of good faith of Phoenix is the alleged failure of its attorney to fully disclose to Lund that said attorney represented Phoenix as well as Lund in this claim as well as the alleged failure to fully inform Lund in respect to settlement proposals and possibilities.

The deposition of Charles Albert Lund, at the taking of which Phoenix's attorney, William A. Sheldon, appeared on behalf of Phoenix and Lund, is in direct conflict with the affidavits of Attorney Sheldon and Lund on the question of disclosure and information regarding retainer and settlement. When questioned by Attorney Sheldon as to his execution of the affidavit, Lund answered that he had read and signed it but could not remember the facts recited therein. Lund also stated that he did not know about Mr. Sheldon representing Phoenix and that to his knowledge neither his attorney nor Phoenix discussed the terms of a proposed settlement with Lind.

■ The court is mindful that Lund was seventy-seven years old and hard of hearing at the time the deposition was taken and that he did not have a good recollection of the events of the litigation of the Lind claim although he apparently attended the whole trial. Lund's insurance policy reserved to Phoenix the right to make such investigation, negotiation, and settlement of any claim or suit as it deems expedient. Nevertheless, where the same attorney represents the insurer as well as the insured on a claim by an injured party, the necessity of full disclosure as set forth in the Canons of Professional Ethics, Canon 6, "Adverse Influences and Conflicting Interests," is basic to establish the bona fides of any transaction between the attorney and any party he represented.

■ This issue cannot be resolved by weighing conflicting statements in depositions and affidavits on a motion for summary judgment. See American Securit Co. v. Hamilton Glass Co., 7 Cir., 1958, 254 F.2d 889.

■ Statements on adverse examinations or in affidavits before trial are not conclusive. When such statements are inconsistent with subsequent testimony under oath, it is for the trier of facts to decide which story is correct. Parish v. Awschu Properties, Inc., 1945, 247 Wis. 166, 19 N.W.2d 276; Woodward v. Vegetable Packing House, 1958, 4 Wis. 2d 310, 90 N.W.2d 586.

The insurer asserts the absence of any creditor in the bankruptcy proceeding as a bar to the action by the trustee. At the commencement of this action, July 9, 1957, the only filed and proved claim in the bankruptcy proceeding was that of Carol Lind in the amount of $48,041.-67, representing the unpaid balance of a judgment entered June 3, 1953, in the Circuit Court of Kenosha County, Wisconsin, in favor of Carol Lind and against Charles A. Lund, Phoenix Indemnity Company, and Montgomery Ward Thorne. On June 12, 1959, prior to the bringing of this motion for summary judgment, Carol Lind acknowledged full payment and satisfaction of said judgment, the satisfaction thereof being recorded on June 17, 1959.

The debtor's petition in the Lund bankruptcy proceeding lists, in addition to the Lind claim, those of Montgomery Ward Thorne and Hartford Accident and Indemnity Company as subrogation rights creditors in unspecified amounts. No claims have been filed or proved in respect to these scheduled claims. Other than exempt assets in the amount of $5,275, there are no assets in the bankrupt estate.

Satisfaction of the Lind judgment terminates all liability of the bankrupt Lund to the person in whose favor the judgment was entered. Any amount thereof paid by Thorne or in his behalf, in excess of one-half of the judgment vests rights of contribution against Lund in Thorne, to which rights any party who paid on behalf of Thorne may be subrogated. While the bankrupt listed the contingent contribution claims of Thorne and Hartford (although designated as subrogation rights), and these parties could have filed and proved contingent claims in the proceeding, they failed to do so within the statutory period under Section 93, sub. n, Title 11 U.S.C.A. Failure to timely file and prove claims in a bankruptcy proceeding bars the claim except as further provided in the section:

> " * * * When in any case all claims which have been duly allowed have been paid in full, claims not filed within the time hereinabove prescribed may nevertheless be filed within such time as the court may fix or for cause shown extend and, if duly proved, shall be allowed against any surplus remaining in such case. * * *"

See In re Nichols, D.C.S.D.N.Y.1943, 53 F.Supp. 609, affirmed sub nom. Hammer v. Tuffy, 2 Cir., 1944, 145 F.2d 447; and In re Paragon Novelty Bag Co., Inc., 2 Cir., 1943, 135 F.2d 210.

Thus, in the event of a recovery by the trustee herein, the proceeds may be applied to tardily filed claims, if any, rather than inure to the benefit of the bankrupt, there being potential creditors of the bankrupt.

No liability in respect to the Carol Lind judgment or contribution rights arising thereunder may be asserted against Lund personally. Lind can make no claim because the judgment is satisfied. Thorne's and Hartford's claims, being provable in the bankruptcy proceeding, will be barred by discharge.

Since there remains an issue as to a material fact in this cause, and the action not being barred by virtue of the status of the bankruptcy proceeding, the motion for summary judgment must be denied.