**In the Matter of J. Jay VANDERGRIFT, a Bankrupt.**

**No. 20199.**

United States District Court
W. D. Pennsylvania.
June 4, 1964.

A. E. Kountz, and Howard I. Scott, of Kountz, Fry & Meyer, and Tice F. Ryan, Jr., of Ryan, Newman, Geer & Goldring, Pittsburgh, Pa., for appellant.

Henry C. Herchenroether, Jr., of Alter, Wright & Barron, Barton Grubbs, II, A. E. Evans, Pittsburgh, Pa., and James F. McMullan, of Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., for appellee.

WILLSON, District Judge.

This bankruptcy case comes before me on three petitions for review. (11 U.S.C.A. § 67). The first two are "Petitions For Review Of Referee's Order Allowing The Claim Of Marjorie Holmes Vandergrift To Be Filed." These petitions were filed by Clyde H. Snider, Successor Receiver for Moon Motor Car Company, a creditor of the said bankrupt's estate, whose claim was filed and allowed within the statutory period for the filing of claims. The second was filed by the Trustee in Bankruptcy, Augustus E. Evans, and he complains also of the Referee's order allowing the claim of Marjorie Holmes Vandergrift to be filed. The third "Petition For Review Of Order" was filed by Marjorie Holmes Vandergrift. In that order the Referee sustained objections filed to the interrogatories by the receiver of Moon Motor Car Company and by the Trustee. These interrogatories attack the Moon Motor Car claim which had been allowed by the Referee.

Attached hereto is a copy of the Referee's Certificate On Petitions For Review Of Order and also attached is a copy of the Referee's Memorandum Opinion, Findings of Fact, Conclusions of Law, and Order. These documents are attached for convenience because they very carefully set out the controversy which this Court has to decide.

The Referee's Findings are explicit and are taken to be correct as are his legal conclusions unless this Court decides that he is clearly erroneous. (General Order 47.)

As indicated in the Referee's Opinion, J. Jay Vandergrift filed his voluntary petition in bankruptcy on April 20, 1938, and was adjudicated a bankrupt on the same day. This was more than twenty-five years ago. In his schedule he listed five unsecured creditors. One was the Moon Motor Car Company whose debt was reduced to judgment. This claim was allowed by the Referee in the sum of $55,928.95. The bankrupt listed also the claim of Marjorie H. Vandergrift, Towanda, Pennsylvania, as a creditor representing a debt covered by a note dated May 28, 1928, in the sum of $20,000.00. The note was payable to Mrs. Vandergrift one day after the death of Mrs. Thomas Edward Murphy. Mrs. Murphy died July 3, 1959. The records indicate that the first meeting of the creditors was duly held and a Trustee appointed. The Moon Motor Car Company claim was filed and allowed. No claim was filed on behalf of Mrs. Vandergrift until January 11, 1961. From the outset in this case, it was apparent that the only possible asset of the bankrupt was his remainder interest, if any, in the estate of his Grandfather Jacob J. Vandergrift. This, however, could not be reduced to an asset subject to distribution in the bankruptcy estate until after the death of the life tenant, Mrs. Thomas Edward Murphy, who in fact died on July 3, 1959, as indicated. The Referee found and this Court accepts the validity of the Marjorie H. Vandergrift indebtedness. She was a former wife of the bankrupt and had loaned monies to him out of the proceeds of a mortgage which she had placed on her own property situate in Bryn Mawr, Pennsylvania. During the married life of this couple he became indebted to her in large sums of money for support for Mrs. Vandergrift and their two children. The bankrupt died on October 15, 1959. After extensive litigation in the Orphans'

Court of Allegheny County, Pennsylvania, and the Supreme Court of Pennsylvania, it was decided that the bankrupt owned a transmissible remainder interest in the trust estate which in turn passed to his Trustee in Bankruptcy on the date of the adjudication on April 20, 1938. See Vandergrift Estate, 406 Pa. 14, 177 A.2d 432 (1962), wherein the Supreme Court of Pennsylvania's decision affirmed the Orphans' Court of Allegheny County. In the state litigation Mrs. Vandergrift had sought by attachment execution to collect on her judgments by attaching her husband's interest in his grandfather's estate. However, when the Orphans' Court of Allegheny County decided that the interest passed to the Trustee in Bankruptcy, Mrs. Vandergrift then for the first time filed a claim with the Referee in Bankruptcy.

The Referee in his Certificate posed the problem as follows:

"Should a claim be allowed to be filed after six months from the date of adjudication (bar date now is six months after the first meeting of creditors) and participate in the estate when said estate has not been closed or terminated and wherein the closing was delayed pending the death of a life tenant?"

The Referee decided the question in the affirmative. The records in the case show that a first meeting of the creditors was held, and that notices were sent in accordance with the statute, but Mrs. Vandergrift in 1961, and thereafter made the contention that she never received notice of the first meeting of creditors. The Referee discusses that issue. I do not think it controlling. As I understand it, in the Referee's conclusion he simply holds that the equities in the case favor Mrs. Vandergrift, and that because there was no property whatsoever in the estate to be liquidated at the time the Trustee was appointed and for years thereafter, and because the estate was not closed or terminated the late filing should be permitted. As this Court understands it, there will be in the

neighborhood of $85,000.00 for distribution. The Moon Motor Car Company claim is the only claim sharing in that sum. The amount of the Moon claim with interest and costs, and attorney's fees may no doubt exhaust the fund, as the attorney for the Trustee was involved in the litigation in the state courts, which in turn resulted in the fund being brought into the bankruptcy estate, and the attorney's fees will be substantial.

In 1938, under Section 57 of the Bankruptcy Act, a creditor had six months from the date of the adjudication in which to file a claim. The time limit is now fixed at six months from the date of the first meeting of creditors. Several decisions in this circuit have laid down the rule that the time in which to file a claim is not to be extended except as provided in the statute. 11 U.S.C.A. § 93, sub. n. The following opinions are all to that effect: In Re Supernit, 3 Cir., 186 F.2d 130; In Re Super Electric Products Corporation, 3 Cir., 200 F. 2d 790; and In Re Mellen Manufacturing Company, 3 Cir., 287 F.2d 37 (1961). The time limitation under Section 57, sub. n of the statute is thoroughly discussed in 3 Collier on Bankruptcy on page 373, et seq. Counsel for the claimant cite decisions in the Fourth Circuit which are contrary to the decisions in the Third Circuit herein cited, notably a decision by Judge Parker in Fyne v. Atlas Supply Company, 4 Cir., 245 F.2d 107. Also see Wheeling Valley Coal Corporation v. Mead, 4 Cir., 171 F.2d 916. However, this Court is bound by the decisions of this circuit. If the rule is to be changed then it is a matter for the Court of Appeals and not for this Court. On the merits of the controversy, this Court's sympathy lies with Mrs. Vandergrift. However, no escape is provided her in the statute. In this particular instance if the general rule could be applied that interest is only to be allowed to the time of bankruptcy, then there would be no doubt a distribution available for Mrs. Vandergrift under the section which permits late fil-

ing and claim on the funds where there is a surplus after all the other creditors have been paid in full. But in this case applying that rule then there likely will be no surplus for Mrs. Vandergrift to participate in, as the Moon Motor Car claim is entitled to interest because of the monies available; and it is the only claim filed within the statutory period. See Castaner v. Mora, 1 Cir., 234 F.2d 710. General Order 47, 11 U.S.C.A. foll. Sec. 53.

This Court regretfully has come to the conclusion that the Referee erred in permitting the claim of Marjorie Holmes Vandergrift to be filed in the instant case. The Referee's Conclusions of Law in respect to the Vandergrift claim are rejected as clearly erroneous. See General Order 47.

### ORDER OF COURT

And Now, June 4, 1964, this bankruptcy matter is recommitted to the Referee with instructions to disallow the claim of Marjorie Holmes Vandergrift and proceed to and direct the administration of the Estate as provided by the statute.

### REFEREE'S CERTIFICATE ON PETITION FOR REVIEW OF ORDER

I, Stephen P. Laffey, one of the Referees of said Court in Bankruptcy, do hereby certify that in the courts of the proceedings in said cause before me the following questions arose pertinent to the said proceedings:

1. Should a claim be allowed to be filed after six months from the date of adjudication (bar date now is six months after the first meeting of creditors) and participate in the estate when said estate has not been closed or terminated and wherein the closing was delayed pending the death of a life tenant?

I decided this question in the affirmative.

Claimant a State Court Receiver of a former creditor of bankrupt and the Trustee in the present estate deeming themselves aggrieved, through their counsel on March 13, 1964, filed petitions for review.

2. Should Marjorie Holmes Vandergrift be permitted leave to file Interrogatories, relating to questions pertaining to a claim filed on time and allowed some twenty-five years ago?

I answered this question in the negative and dismissed the Interrogatories.

This petitioner also deemed herself aggrieved and through her counsel on March 13, 1964 filed a petition for review.

Herewith transmitted are:

1. Referee's Memorandum Opinion, Findings of Fact and Conclusions of Law filed March 4, 1964.

2. Petition For Review by State Court Receiver for a former creditor of bankrupt, filed March 13, 1964.

3. Trustee's Petition For Review filed March 13, 1964.

4. Petition For Review by Marjorie Holmes Vandergrift filed March 13, 1964.

5. Petition and Schedules of J. Jay Vandergrift, bankrupt filed April 20, 1938.

6. Petition to allow the filing of claims and Order of Court filed January 11, 1961.

7. Answer of Trustee to Petition to allow the filing of claims filed May 14, 1962.

8. Amendment to proof of claim of Marjorie Holmes Vandergrift filed July 10, 1962.

9. Interrogatories propounded to Moon Motor Car Company Claimant by Marjorie Holmes Vandergrift, docketed March 4, 1963 but apparently filed sometime prior thereto.

10. Objections to Interrogatories propounded to Moon Motor Car Co., and Clyde H. Snider, Esq., filed March 1, 1963.

And the said Order is certified to the Judges for their decision thereon.

## MEMORANDUM OPINION

J. Jay Vandergrift filed his voluntary petition in bankruptcy on April 20, 1938 and was adjudicated bankrupt the same day. This was over twenty-five years ago.

He listed in his schedules filed with his petition two (2) secured creditors and five (5) unsecured creditors. We are concerned with two of the five unsecured creditors. The two were scheduled as follows:

Stewart McDonald, afterwards for use of Moon Motor Car Company, and now for use of George P. Dorris, successor receiver for Moon Motor Car Company, No. 1717 January Term, 1937, Judgment, address c/o Alter, Wright & Barron, Attorneys at Law, First National Bank Building, Pittsburgh, Pennsylvania ...... $55,928.95.

Marjorie H. Vandergrift, Towanda, Pennsylvania, note dated May , 1928, non-interest bearing ...... $20,000.00.

The note dated May , 1928 hereinabove referred to was given by bankrupt to his divorced wife, Marjorie Holmes Vandergrift. This obligation according to an affidavit filed arose out of a mortgage which she had placed on her own property in Bryn Mawr, Pennsylvania and loaned the proceeds to her then husband. The note reads in part, "One day after the death of Mrs. Thomas Edward Murphy, I * * * promise to pay * * *". (Mrs. Murphy died July 3, 1959.)

The record on file includes two affidavits of mailing of notices of creditors' meetings to the above listed addresses. No notices were returned to the Referee's Office by the Post-Office Department. Although Marjorie Holmes Vandergrift claims she received no notice of said proceeding it is presumed that said notices were received by her.

Moon Motor Car Company, by its receiver filed its claim within the statutory period for filing claims and it was allowed in the sum of $55,928.95. No other claim was filed nor did Marjorie H. Vandergrift file a claim within the statutory period.

On May 21, 1938 Augustus E. Evans was appointed trustee and has continued to act until the present time. The bankrupt was discharged July 21, 1938.

No further proceedings were had thereafter, except that on September 9, 1947, an Order was entered re-referring the above entitled case as of July 1, 1947. Interim reports by the Trustee reveal that these proceedings have remained open for the sole purpose of attempting to obtain whatever remainder interest, if any, the bankrupt may have had in the estate of his Grandfather Jacob J. Vandergrift. This interest was to come into existence on the death of a life tenant.

The life tenant died July 3, 1959, and after extensive litigation through the Orphans' Court of Allegheny County, Pennsylvania, the Pennsylvania Supreme Court affirmed the Orphans' Court's decision that the bankrupt owned a transmissible remainder interest in the trust estate which passed to his trustee in bankruptcy on the date of his adjudication. The appeal was taken as a result of a decree of distribution by the Orphans' Court of Allegheny County which was filed on June 6, 1960. As a result of said litigation the trustee was paid the sum of $78,002.54 and will receive one-eighth share of whatever balance of approximately $100,000.00 suspended from distribution in said estate remains after the payment of additional fees, expenses and taxes as may be decreed by the Orphans' Court of Allegheny County. The present balance in trustee's possession is $84,709.73.

About seven months after the Orphans'. Court Order of Distribution to-wit—January 11, 1961, Marjorie H. Vandergrift filed a Petition in the bankruptcy court, to allow the filing of her

claim in the sum of $184,584.60, made up of three exhibits:

Exhibit "A" was a judgment note for $20,000.00 now increased to $76,-809.60.

Exhibit "B" support due her to the date of bankruptcy and thereafter under a separation agreement entered into with the bankrupt, reduced to two (2) judgments in the sum of $44,-958.00 and $62,817.00 respectively, and

Exhibit "C" which was a proof of claim for a total of $184,584.60.

An amended proof of claim was filed on July 10, 1962 which sets forth that at the time of bankruptcy the sum of $44,768.42 was owed to Marjorie H. Vandergrift based on the obligation arising out of the Bryn Mawr mortgage in the sum of $28,368.42 and the amount due to the delinquency in the support payments of $16,400.00, (bearing in mind the bankruptcy petition was filed on April 20, 1938).

The amended proof of claim also contains an Exhibit which indicates that on December 6, 1960, Marjorie H. Vandergrift released her judgments in the sum of $184,584.60 against the estate of J. Jay Vandergrift, bankrupt herein, for the sum of $38,500.00, thus leaving a balance due Marjorie H. Vandergrift of $146,084.60. Bankrupt died October 15, 1959.

The question for determination is—May a creditor's claim be filed and allowed after the expiration of the statutory period for filing claims?

It is noted that the claim and amendment thereto sets forth two items—one is for a debt and the other is for delinquency in support payments.

I shall discuss each separately. Debts ordinarily cannot be proved subsequent to six months after the date of adjudication (now six months after the first meeting of creditors) which date in this case was April 20, 1938. Was Marjorie H. Vandergrift barred in not having filed her claim which at the time of bankruptcy was as heretofore set out

to be the sum of $28,368.42 which was the original loan granted her husband plus interest? I believe not. Circumstances in this bankruptcy estate prevented an orderly liquidation. If it were determined at the time, nothing would be paid the present and only two claimants to the monies on hand. The record shows a petition filed by the trustee on June 16, 1938, for leave to resign because his investigation showed no assets other than a possible interest in the estate of the grandfather of the bankrupt and that it would not be available until the death of an aunt of the bankrupt. The said petition was withdrawn by the trustee on November 22, 1938, and said trustee was actively engaged through his counsel in the litigation in the State Courts.

Marjorie H. Vandergrift having chosen to not file a claim in the bankruptcy proceeding caused her claims to be reduced to judgments in the State Courts and issued attachment executions against the alleged interest of bankrupt in his grandfather's estate. She was unsuccessful in her opposition to the trustee in bankruptcy to the bankrupt's interest in his grandfather's estate. She filed her claims in bankruptcy during the state litigation and in her affidavit attached to her amended claim denied of ever having received notices from the bankruptcy court advising her to file a claim within the six month period as was required by the bankruptcy law at that time.

This latter contention could be very true. The address as given for her on the schedules was Marjorie H. Vandergrift, Towanda, Pa. I do not believe the address to be specific enough to say for certain that such notices were positively delivered, there was no street number, no R. D. number and no county specified. Although Towanda was the county seat of Bradford County, Pennsylvania, there is no definite conclusion that one can say such notice was received.

There is a presumption that envelopes properly addressed and bearing sufficient postage and a return address placed in the United States mails are delivered.

See McSparren v. Southern Mutual Insurance Co., 193 Pa. 184, 44 A. 317 (1899). It is argued by counsel for the trustee that if she failed to receive notices of the bankruptcy the only effect would be that her claims are not discharged. Collier on Bankruptcy § 17.23 [2].

Compare the address given to the other creditor—attorneys for the creditor in a well known office building in the City of Pittsburgh. Certainly if the claimant had received such notice and being owed so much money by the bankrupt it is hard to believe she would not file a claim within the bar date. She was well aware of the possibility of an inheritance.

Permission to file late bankruptcy claims is sanctioned by court decisions where the circumstances so warrant. Courts of bankruptcy are invested " * * * with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in bankruptcy proceedings, * * * " (11 U.S. C.A. § 11). In Pepper v. Litton, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939) (Footnote No. 11), it was held that bankruptcy courts have power to permit the filing of claims after the six month period has passed to prevent injustice. Also laches may not be asserted where delay does not hurt the other side. See Czaplicki v. Hoegh Silvercloud, 351 U.S. 525, 76 S.Ct. 946, 100 L.Ed. 1387 (1956). In re National Molding Company, 250 F.2d 69 (3d Cir. 1956); R. F. C. v. Harrisons & Crosfield, 204 F.2d 366, 37 A.L.R.2d 1117 (2d Cir. 1953).

I am also aware of the strict rule in this Circuit. In the case of In re Supernit, Inc., 3d Cir. 1950, 186 F.2d 130. It was pointed out that the rule in this Circuit even prior to the 1938 amendments has been stricter than that in other circuits. It was also stated that the statute of limitations was the result of abuses which "Congress has continuously sought to avoid · * * * ". It pointed out that "Expeditious administration was a prime objective of the 1938 amendments" and that this Court found indications that the Congressional intent was that the periods of limitation set up were to be strictly enforced. Modern administration requires a definitive cut-off date past which claims may not be filed. See In re Mellen Manufacturing Company, 287 F.2d 37 (3d Cir. 1961); In re Super Electric Products Corp., 200 F.2d 790 (3d Cir. 1953).

How could this estate be expeditiously administered even had claimant filed her claim on time? There was nothing to administer. Should we therefore hold to the fast rule of law and allow an injustice to occur? This was not the intent of Congress and Equity must correct that rule of law which is deficient under the present circumstances. The foregoing has been based on the theory that claimant had received notice of the bankruptcy. If she received no notice she is entitled to file her claim and share in the estate even after the bar date where the estate has not been administered or closed.

Had this case been closed and reopened it would come within the purview of In re Nichols, D.C., 53 F.Supp. 609 (1943) and Tuffy v. Hammer, 145 F. 2d 447 (2 Cir. 1944). In the Nichols' case, supra, twelve creditors filed claims which were allowed. Twenty-seven years later it was discovered the bankrupt failed to schedule vested remainders in two estates. The case was reopened and a trustee appointed. A creditor who had not previously filed a claim was allowed to file same over objection by the trustee, however the claim was to be paid only out of any surplus remaining after payment was made in full to the creditors who had filed on time. If enough remained to pay all in full, interest was to be added to date of payment. If this were done in the case at bar nothing would remain for claimant. Tuffy v. Hammer, supra indicated that the 1938 amendment to the Act was intended only to protect late creditors in those cases where the bankrupt fraudulently or otherwise omitted scheduling assets and then after finding a surplus late creditors would be paid only after allowing interest

to the date of payment on all timely filed claims.

The second item set forth in Marjorie H. Vandergrift's late claim is for delinquency in support payments.

The Trustee admits the bankrupt's support obligation was exempt and not dischargeable under § 17, sub. a(2) of the Bankruptcy Act. Dunbar v. Dunbar, 190 U.S. 340, 23 S.Ct. 757, 47 L. Ed. 1084, (1903). Section 17 states: "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except * * * " implies that the listed exceptions are provable debts and can both share in the estate and seek satisfaction out of after-acquired assets. Such is the case with most of the claims found in the exceptions; they may share in the estate and also seek to enforce their claims against the bankrupt after discharge. See Heimberger v. Joseph, 55 F.2d 171 (6th Cir. 1931).

The purpose of the bankruptcy proceeding is twofold: To relieve the debtor of a hopelessly indebted situation and more importantly to enable creditors to receive as much by way of payment as possible. In order to achieve these ends title to property held by the bankrupt passes to the trustee to be administered in the most advantageous way. *However the trustee receives title only to* property which is capable of being transferred by the bankrupt at the time the petition is filed. See Everett v. Judson, 228 U.S. 474, 33 S.Ct. 568, 57 L.Ed. 927 (1913).

In view of the foregoing petitioner is hereby granted leave to file her amended proof of claim which was presented for filing July 10, 1962.

Claimant Marjorie Holmes Vandergrift filed certain Interrogatories to Moon Car Motor Company or its Receiver on March 4, 1963, which indicates that claimant is endeavoring to attack the claim as filed by Receiver of Moon Motor Car Company. Objections have been filed by the Receiver of Moon Motor Car Company to the Interrogatories as propounded. The objections to such interrogatories are sustained since the claim as filed in the sum of $55,928.95 was allowed by the former Referee who heard same. Also bankrupt listed said creditor in his schedules as holding a judgment and for the same amount of $55,928.95. This he took an affidavit to and no useful purpose could be achieved in attacking said claim at this late date.

## FINDINGS OF FACT

1. J. Jay Vandergrift filed a voluntary petition in bankruptcy and was adjudicated a bankrupt on April 20, 1938.

2. Moon Motor Car Company, by its Receiver, filed its claim within the statutory period for filing claims and same was allowed in the sum of $55,928.95.

3. On May 21, 1938 Augustus E. Evans was appointed trustee and has continued to act until the present time.

4. Bankrupt received his discharge July 21, 1938.

5. Proceedings remained open for the sole purpose of trustee obtaining whatever interest, the bankrupt may have had in an estate of his grandfather, after the death of a life tenant which took place July 3, 1959.

6. Bankrupt's interest in said estate did not come into existence until the death of the life tenant on July 3, 1959. The Orphans' Court held this to be a transmissible remainder interest in the trust estate which passed to his Trustee in bankruptcy.

## CONCLUSIONS OF LAW

1. Courts of Bankruptcy are invested with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in bankruptcy proceedings.

2. Bankruptcy Courts have power to permit the filing of claims after the six month period has passed to prevent injustice.

3. Laches may not be asserted where delay does not hurt any party.

4. Trustee receives title only to property which is capable of being trans-

ferred by the bankrupt at the time the petition is filed.

5. The bankrupt is not released from debts for alimony due or to become due, or for maintenance or support of wife or child by reason of bankruptcy or after his discharge from all of his provable debts.

## ORDER

And now, to-wit, this 4th day of March, 1964,

It is hereby ordered that the claim filed by Marjorie Holmes Vandergrift be permitted to be filed as though same had been filed within the Statutory Period allowed for the filing of claims in this estate.

It is further ordered that the Petition for Interrogatories filed by Marjorie Holmes Vandergrift is hereby dismissed.