**In re Robert Gary NELMS, d/b/a Sun Realty, a/d/b/a Sun Financial Services, Debtor.**

**BAP No. CC–82–1407–GAbH.**

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued March 23, 1983.

Decided Feb. 18, 1984.

Arnold L. Kupetz, Sulmeyer, Kupetz, Baumann & Rothman, Los Angeles, Cal., for appellant.

Craig M. Lytle, P.C., Hermosa Beach, Cal., for appellee.

OPINION

Before GEORGE, ABRAHAMS, and HUGHES, Bankruptcy Judges.

GEORGE, Bankruptcy Judge:

ARNOLD L. KUPETZ, the Trustee in the above-entitled case, has appealed an order of the bankruptcy court extending the time for a number of unsecured creditors to file their respective proofs of claim. Although we conclude that the order of the lower court was improvidently granted, we vacate that order without prejudice to the claims of those unsecured creditors who filed during the extension period.

I. BACKGROUND

Little factual background is contained in the actual trial record of this proceeding. Nevertheless, for purposes of clarity only, we shall use the statements of fact provided by counsel:

The creditors involved in the proceedings underlying this appeal were investors in two separate financing arrangements used by the debtor, ROBERT GARY NELMS, to capitalize his real estate business. One of these financing methods, referred to as the "Sun Satellite" program, relied upon the formation of limited partnerships to invest in a number of the debtor's offices. The second program, known as "Sun Financial Services," involved the sale of deeds of trust to prospective investors.

During the course of the administration of the debtor's estate, the trustee claimed that all of the deeds of trust held by the debtor at the commencement of his case were the property of his estate. The trustee, therefore, objected to the claims of the Sun Financial Services creditors to an interest in those trust deeds. He further objected to the alleged interests claimed by the Sun Satellite limited partners in the various partnerships' assets.

In contesting the Trustee's position, with respect to the claims of the Sun Financial Services investors, Mr. Craig M. Lytle, Esq. has represented a number of persons seeking, by a class action in bankruptcy court, to recover several of the notes held by the debtor and by three banks which handled the debtor's pre-petition business affairs. Mr. Lytle was also approached to represent the claims of Sun Satellite investors, but he declined to render them his services. Due to certain representations by a third party, however, it is alleged that some of the Sun Satellite creditors were misled into believing that Mr. Lytle would be representing their interests before the bankruptcy court.

Despite his refusal to act as counsel for the Sun Satellite investors, Mr. Lytle did attempt to notify these creditors of the need to file proofs of claim against the Nelms estate. Some question, nonetheless, exists as to whether any of the Sun Satellite creditors received actual notice of this advice.

Eventually, the trustee stipulated that, if certain of the Sun Financial Services creditors would abandon their alleged interests in the debtor's deeds of trust, they would be allowed unsecured claims against Mr. Nelms' estate. An order formalizing this agreement was consequently entered by the trial court, which specifically provided that these creditors should file proofs of claim in the debtor's case.

In the meantime, the debtor's case had been converted from Chapter 11 to Chapter 7. In the Order for and Notice of hearing, which scheduled the section 341(a) hearing in that converted case for March 10, 1982, all creditors were informed of the need to file a proof of claim within six months after the hearing date.

Notwithstanding these notices, as the September 10, 1982 claim-filing deadline became imminent, Mr. Lytle was apprised that a significant number of creditors, having both Sun Satellite and settled Sun Financial claims, were still unaware of the need to file proofs of claim with the bankruptcy court. During the Labor Day weekend, immediately preceding the filing deadline, Mr. Lytle and his staff made a substantial effort to inform these creditors of the proof of claim requirement. Nevertheless, they discovered a great deal of confusion surrounding the investors' interpretations of alleged representations made by the court, the trustee, Mr. Lytle, and others. Mr. Lytle felt that this confusion had rendered these creditors incapable of responding, in a timely fashion, to the notices of the court and of the trustee. He, therefore, moved *ex parte* for an extension of time for the filing of proofs of claim in the instant case.

Following a hearing on this motion, at which the trustee's counsel was also in attendance, the bankruptcy court granted a thirty-day extension to those creditors listed by Mr. Lytle as having been Sun Satellite partners or Sun Financial investors with settled claims. This appeal followed the entry of that order.

## II. ANALYSIS OF THE FACTS AND THE LAW

When the bankruptcy court's order was entered in this matter, the filing of proofs

of claim was governed by Bankruptcy Rule 302. Bankruptcy Rule 302(e) mandates that "[a] claim must be filed within 6 months after the first date set for the first meeting of creditors ...," subject to certain exceptions not relevant to the present case. Despite the narrow language used in this rule and in its predecessor statute, both have been subject to differing interpretations over the years. *Compare In re Pigott,* 684 F.2d 239 (3d Cir.1982) (inability of creditors' counsel to return to office in the wake of the Three-Mile Island evacuation not sufficient ground to excuse the late filing of proofs of claim); *In re Vandergrift,* 341 F.2d 921 (3d Cir.1965) (*per curiam*), *affirming* 232 F.Supp. 857 (W.D.Pa.1964); *In re Mellen Manufacturing Co.,* 287 F.2d 37 (3d Cir.1961) (the latter two cases relied upon section 57n of former Bankruptcy Act, 11 U.S.C. § 93(n) (1976), to preclude the allowance of late-filed claims) *with In re H. & C. Table Co., Inc.,* 457 F.Supp. 858 (W.D.Tenn. 1978); *Matter of Comac,* 402 F.Supp. 43 (E.D.Mich.1975); *In re Sieban & Byrnes, Inc.,* 291 F.Supp. 315 (S.D.N.Y.1968) (following dicta in *Pepper v. Litton,* 308 U.S. 295, 304–305 n. 11, 60 S.Ct. 238, 244–245 n. 11, 84 L.Ed. 281 (1939), to permit the late filing of claims).

We do not rule, at this time, on the relative merits of the above-cited cases; instead we simply conclude that, at the very least, the equitable powers of the bankruptcy court should not have been applied so broadly as was permitted by the trial court's order. In particular, we note the lack of any detailed examination, by the court below, of the factual reasons for the late filing of each creditor's claim or claims. This weakness in the proceedings below seems to lie at the heart of both the Trustee's complaint concerning the standing of Mr. Lytle to represent all of the Sun Satellite and excluded creditors and the Trustee's objections to the actual merits of the lower court's order.

Taking no regard for the differing factors of notice, reliance, degree of education or experience, and so forth, affecting the actions (or inaction) of each of these creditors, the trial court permitted all to be saved from the loss of their claims, as a matter of equity, merely upon the representations of Mr. Lytle concerning the general plight of this group of creditors. While prompt and comprehensive solutions are included as goals of the bankruptcy system and piecemeal litigation is seldom conducive to prompt solutions, equity must be applied on a case-by-case basis to prevent its misuse.

In order to use such a case-by-case method, we agree with the trustee that the more appropriate time to have examined late-filed proofs of claim would have been when objections were made to their allowance. Therefore, although the trial court's order must be vacated as being overly broad, we see no need, at this time, to require a dismissal of those claims filed after September 10, 1982. Rather, we anticipate that the trustee will pursue his objections to each ostensibly late-filed claim, on an individual basis.

### III. CONCLUSION

We conclude that the order of the trial court, extending the time to file proofs of claim for the Sun Satellite and Sun Financial creditors with settled claims, was improvidently granted. We, therefore, REVERSE and VACATE that order without prejudice to the claims of the creditors involved or to the trustee in objecting to any or all of those claims.

HUGHES, Bankruptcy Judge, concurring.

I concur in the judgment to reverse the order appealed.

The appeal is from an order extending the date by which a class of unsecured creditors could file claims against the estate. The order violated the then relevant bankruptcy rules. Bankruptcy Rule 302(e) enumerated the circumstances under which such an order was authorized. None of those circumstances existed in this case. Furthermore, Bankruptcy Rule 906 expressly limited the court's discretion to extend time to file claims under Rule 302(e) "ex-

cept to the extent and under the conditions stated in" Rule 302(e). The order was thus erroneous and an abuse of discretion.

This appeal does not present the question of whether an untimely filed claim may nevertheless be allowed.