**In re SUPERNIT, Inc.**
**Appeal of BOYD.**

**No. 10249.**

United States Court of Appeals
Third Circuit.

Argued Oct. 16, 1950.

Decided Dec. 29, 1950.

William Harris, Newark, N. J., for appellant.

Max L. Rosenstein, Newark, N. J., for bankrupt.

Before BIGGS, Chief Judge, and KALODNER and HASTIE, Circuit Judges.

BIGGS, Chief Judge.

A petition pursuant to Chapter XI of the Bankruptcy Act was filed by Supernit, Inc., on February 11, 1949. No arrangement was effected and on May 19, 1949, an order of adjudication in bankruptcy was entered. The first meeting of creditors was held on June 17, 1949. M. & I. Discount Company (M. & I.) was a creditor of the bankrupt. Pursuant to the provisions of 11 U.S.C.A. § 755,[1] M. & I. was required to file a claim within three months, i. e., on or before September 17, 1949. It failed to do so. On January 5, 1950, M. & I. filed a petition with the referee praying that it should be allowed to file a "duplicate proof * * *[2] of claim nunc pro tunc as of the 12th of May, 1949 * * *".[3] The referee concluded that "the fact that the claim of M. & I. Discount Company appeared in the bankrupt's schedules herein and the said company had taken such an active part in the proceedings herein, it would appear to be sufficient reason for allowing it to file a claim nunc pro tunc as of May 12, 1949."[4]

The significance of the stated date is as follows: On May 12, 1949 the counsel for the debtor argued for an extension of the time in which the debtor might effect an arrangement. In the course of his argument he stated, "May I say to your Honor that M. & I. Discount Company which is a creditor here for about $12,000 or $14,000 is opposed to an immediate adjudication. I represent them."[5] Notwithstanding the referee's statement that M. & I. should be permitted to file to a claim nunc pro tunc, he entered an order on January 26, 1950 which provided that M. & I. should be permitted to file "an amended claim as a general unsecured creditor in the sum of $9,315.03."[6] The court below affirmed the determination of the referee.[7] The trustee has appealed.

We conclude that the court below committed error. The provisions of Section 355 of the Bankruptcy Act, 11 U.S.C.A. § 755, govern. These apply specifically to the situation which exists when a proposed arrangement has failed and an adjudication in bankruptcy has been made. Cf. Section 57, sub. n, 11 U.S.C.A. § 93 sub. n. There are cases decided before the Bankruptcy Act achieved its present form which hold that a statement or assertion of a claim in some written collateral form, made prior to the distribution of dividends, could be "amended" to create a formal claim conforming with the requirements of the statute.[8] At least one decision permitting a

---

1. 11 U.S.C.A. § 755, Section 355 of the Bankruptcy Act, provides that:

"Upon the entry of an order under the provisions of this chapter directing that bankruptcy be proceeded with, only such claims as are provable under section 103 of this title shall be allowed and, except as provided in section 754 of this title, claims not already filed may be filed within three months after the first date set for the first meeting of creditors, held pursuant to section 91 of this title, or, if such date has previously been set, then within three months after the mailing of notice to creditors of the entry of the order directing that bankruptcy be proceeded with."

2. Other claims were involved besides that of M. & I. The following statement appears in the appellant's brief, p. 3: " * * * Max L. Rosenstein, Esquire, the attorney appearing for the M. & I. Discount Company, during the entire Chapter XI proceeding, was a co-attorney for Supernit, Inc., debtor."

3. Cf. the provisions of 11 U.S.C.A. § 754 and § 93, sub. n. It will be noted that M. & I.'s attempt to file a claim occurred nearly 7 months after the first meeting of creditors following the order of adjudication and more than 10 months after the petition for an arrangement under Chapter XI was filed.

4. See the referee's memorandum of February 7, 1950.

5. See the proceedings before Referee Weelans of May 12, 1949, pp. 20–21.

6. It will be observed that the first attempt of M. & I. to file a formal claim occurred nearly 7 months after the first meeting of creditors following the order of adjudication and more than 10 months after the filing of the petition for an arrangement under Chapter XI.

7. No opinion reported for publication.

8. In Re Lipman, 2 Cir., 65 F.2d 366, objections to the confirmation of a composition had been made by a creditor in which he stated that he had a claim. In Scottsville Nat. Bank v. Gilmer, 4 Cir., 37 F.

creditor to file a claim out of time was based upon the conclusion that the creditor was not itself to blame for the delay in filing, the court laying emphasis on the fact that the claim was scheduled.[9] We have found only one case in which an oral statement that there was a claim has served as the basis for a purported amendment.[10] Prior to the 1938 amendments to the Bankruptcy Act it was the weight of authority that a written claim presented to the referee or to a trustee within the statutory period for filing claims, even if defective in some particular or particulars constituted a sufficient basis for permitting an amendment after the statutory period had expired.[11] Many decisions have applied a stricter rule as to the time in which a claim could be filed against a bankrupt's estate.[12]

■ Section 355 of the Bankruptcy Act is clearly a statute of limitations and is to be considered as a bar to a creditor who has not filed a proof of claim within the period specified. One of the abuses which Congress has continuously sought to avoid is delay in the disposition of bankruptcy proceedings. Expeditious administration was a prime objective of the 1938 amendments and it was the intention of Congress in effecting these amendments to obviate the long delays in distribution of dividends which had previously afflicted creditors. See H. R. Rep. 1409, 75th Cong., 1st Sess., p. 2 where reference is made to the desirability of a "More prompt administration up>n * * * a more businesslike basis.", and the statement in respect to the filing of proofs of claim by the United States at p. 13. It should be noted also that Section 57, sub. n, 11 U.S.C.A. § 93, sub. n, provides that creditors who have failed to file and prove their claims within the bar time, when the debtor's assets are found to exceed its liabilities, may receive payment from the surplus. We regard this as some indication that it was the Congressional intent that the periods of limitation set up were to be strictly enforced.

M. & I.'s situation in the instant case might be different had a claim been filed by it within the period prescribed by Section 355, whether defective in form or not. See Hutchinson v. Otis, Wilcox & Co., 190 U.S. 552, 23 S.Ct. 778, 47 L.Ed. 1179. We are of the opinion that a too liberal approach to the individual creditor's claim may endanger the rights of other creditors to prompt payment of their claims and affect disastrously the administration of a bankruptcy proceeding. To permit the fil-

---

2d 227, there had been correspondence about the claim between the trustee and the claimant. In Re Coleman & Titus Corporation, D.C.N.D.N.Y., 286 F. 303, the original "claim" was oral. In all of the foregoing cases the facts were held to be sufficient to sustain subsequent "amendment".

9. In re Basha, 2 Cir., 200 F. 951.

10. In re Coleman & Titus Corporation, D. C.N.D.N.Y., 286 F. 303.

11. In re Salvator Brewing Co., 2 Cir., 193 F. 989; In re Kessler, 2 Cir., 184 F. 51; In re Mertens, 2 Cir., 147 F. 177; In re Roeber, 2 Cir., 127 F. 122.

12. In re Peck & Hills Furniture Co., D.C. S.D.N.Y., 10 F.Supp. 403, it was held that a reclamation petition could not serve as a basis for a proof of claim. In Re Brill, D.C.S.D.N.Y., 52 F.2d 636, where the claim was recognized by a State court in the sale of the bankrupt's assets, the fil-

ing of a claim in bankruptcy after the statutory period was not permitted. In Re Silk, 2 Cir., 55 F.2d 917, where two creditors constituting a partnership had failed to file their claim within the statutory period because they believed the bankrupt to be without assets, the court would not permit them to file their claim after the statutory period, assets belonging to the bankrupt having been discovered. In Re Killanna Realty & Construction Co., 2 Cir., 68 F.2d 718, a creditor who failed to file his claim within the statutory period was not permitted to file it nunc pro tunc though the creditor had contributed to the expense of an accountant to examine the bankrupt's books. In Tarbell v. Crex Carpet Co., 8 Cir., 90 F.2d 683, the creditor was not permitted to file his claim though his attorneys wrote a letter within the statutory period, to the referee stating that they represented the claimant in an action against the bankrupt.

ing of a proof of claim under the guise of an amendment months out of time on the theory that a creditor who has a scheduled claim has taken an active part in the proceeding through an attorney, would militate against the efficient administration of bankruptcy proceedings. There could be no certainty of administration until the final dividend was paid. Modern administration requires a definitive cut-off date past which claims may not be filed.

We point out that even prior to the 1938 amendments the rule observed in this circuit has been a stricter one than that in many of the other circuits. In Re Thompson, 3 Cir., 227 F. 981, this court held that a letter written by a secured creditor of a bankrupt to the receiver stating the amount and character of its claim was insufficient to constitute a proof of claim against the estate which could be amended after the statutory period had elapsed. In the cited case the creditor had retained his security and made no claim against the estate during the one year period than applicable.

The order appealed will be reversed and the cause will be remanded with the direction to the court below to deny the claim of M. & I. Discount Company.