**REED'S ESTATE et al. v. SCOFIELD, Collector of Internal Revenue.**

No. 13253.

United States Court of Appeals Fifth Circuit.

Jan. 5, 1951.

Thomas O. Shelton, Jr., Wright Matthews, Dallas, Tex., for appellants.

Edward J. P. Zimmerman, Ellis N. Slack, Sp. Assts. to Atty. Gen., Washington, D. C., Theron Lamar Caudle, Asst. Atty. Gen., Henry W. Moursund, U. S. Atty., San Antonio, Tex., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and RUSSELL, Circuit Judges.

PER CURIAM.

The sole question in this case involves the correctness of the finding of the trial Court, against the contention of the taxpayer suing for a refund, that such plaintiff had failed to show that an oil and mineral lease became finally worthless in the year 1941. The establishment of loss in such year was essential to the plaintiff's claim for recovery since the deduction therefor was claimed for the year 1941. The Commissioner had allowed the claim for the year 1940 but had disallowed it as accruing from a loss sustained during 1941. Upon consideration of the facts and circumstances in the case, we conclude that the finding of the trial Judge is supported by the evidence. Cf. Mine Hill & Schuylkill Haven R. Co. v. Smith, 3 Cir., 184 F.2d 422.

The judgment appealed from is

Affirmed.