**In the Matter of MELLEN MANUFACTURING COMPANY, Bankrupt.**

**Nathaniel Gora, Appellant.**

No. 13248.

United States Court of Appeals
Third Circuit.

Argued Jan. 23, 1961.

Decided Feb. 14, 1961.

**38**

---

Lewis H. Markowitz, York, Pa. (Arthur Markowitz, Markowitz & Kagen, York, Pa., on the brief), for appellant.

John C. Youngman, Sr., Williamsport, Pa. (John M. Hill, Williamsport, Pa., on the brief), for Paul W. Reeder, trustee in bankruptcy and other creditors, appellees.

Before GOODRICH, McLAUGHLIN and KALODNER, Circuit Judges.

GOODRICH, Circuit Judge.

This is an appeal by the claimant in a bankruptcy case. The Mellen Manufacturing Company on December 4, 1953, filed a petition for arrangement under Chapter XI. Nathaniel Gora, the President of the company, claimed to be a creditor of the debtor company in the amount of $125,000.00. On November 3, 1954, the debtor was adjudicated a bankrupt.

This case comes to the Court on one point only. The Referee refused to permit the claimant to file amended claims submitted August 8, 1958. The claimant frankly admits that he is unable to prove more than a preparation of, signature to and acknowledgment of the proofs of claim. In other words, there was no proof that the claims had been filed within the statutory period in which filing is required. "Claims which are not filed within six months after the first date set for the first meeting of creditors shall not be allowed * * *" 11 U.S.C.A. § 93, sub. n.

The appellant urges that his claims were known to all parties in the reorganization proceedings. He says that he was present and participated in the initial meeting of creditors at which a trustee was elected. Further, he says, neither the trustee nor his counsel made any objection to his failure to file until almost three years after the adjudication date.

We do not regard the question as an open one in this Circuit. In the case of In re Supernit, Inc., 3 Cir., 1950, 186 F.2d 130, the question of timeliness in filing proofs of claim was discussed by the Court through an opinion by Chief Judge Biggs. It was pointed out that the rule in this Circuit even prior to the 1938 amendments has been stricter than that in other circuits. It was also stated that the statute of limitations was the result of abuses which "Congress has continuously sought to avoid * * *" 186 F.2d 132. It is pointed out that "Expeditious administration was a prime objective of the 1938 amendments" (186 F.2d 132) and that this Court found indications that the Congressional intent was that the periods of limitation set up were to be strictly enforced. "Modern administration requires a definitive cut-off date past which claims may not be filed," said the Court. 186 F.2d 133. It is true that this decision had to do with a filing of claims in a reorganization proceeding but everything said is applicable here also. See, likewise, In re Super Electric Products Corp., 3 Cir., 1953, 200 F.2d 790. Unless we are to overrule thoughtfully considered precedents in this Circuit the decision must stand. We have no inclination to overrule what we have thus thoughtfully considered.

The judgment of the district court will be affirmed.