OPINION OF THE COURT
HAROLD A. ACKERMAN, District Judge:
This appeal raises the issue of whether a bankruptcy judge has the equitable power to allow proofs of claim filed by creditors after expiration of the statutory six month period for filing such proofs set out in Section 57(n) of the Bankruptcy Act, 11 U.S.C. § 93(n). The bankruptcy judge permitted two creditors to file untimely proofs of claim over the objections of another creditor, Conestoga Ceramic Tile Distributors, Inc., (“Conestoga”) the appellant. On appeal, the district court affirmed summarily. For reasons expressed herein, we reverse the district court and remand for proceedings in accordance with this opinion. FACTS
On September 19, 1978, James P. Pigott, doing business as James P. Pigott Building Materials, filed a voluntary petition in bankruptcy. He listed the Commonwealth of Pennsylvania, Department of Revenue as a priority tax creditor. On October 5,1978, the first meeting of creditors was held. The six month statutory period for filing claims runs from this date. At this meeting, Landis & Co. (“Landis”) was listed as a creditor claiming $1,885.00.
Landis completed a Proof of Claim and forwarded it to its attorney in late January, 1979. Upon receipt of the Proof of Claim form, Landis’ counsel contacted the Trustee, Edward Harker, Esquire, to ascertain the procedure for filing and completing a valid proof of claim.
On March 28, 1979, an accident at the Three Mile Island Nuclear Reactor occurred, discharging low level radiation. A mass evacuation of the area was under consideration by the governor of the state. The uncertainty and anxiety created by the crisis allegedly disrupted business in the area. Around March 30,1979, Landis’ counsel telephoned the Trustee to explain that their office was being evacuated by choice and that as a result, formal filing of the Proof of Claim would be delayed beyond the due date of April 5, 1979. The Trustee stated that he had no objection to the late filing.
Subsequently, Landis’ Proof of Claim was sent to the Trustee on April 11, 1979. The Trustee received it on April 13 and it was filed with the Bankruptcy Court on April 24, 1979.
The Commonwealth of Pennsylvania filed its Proof of Claim on June 30, 1979. The late filing was apparently the result of bureaucratic inertia.
Conestoga filed timely objections to the Proofs of Claim of both Landis and the Commonwealth. The Trustee objected only to the Commonwealth’s claim.
The bankruptcy court, relying primarily on Pepper v. Litton, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939), decided in the exercise of discretion to allow the claims of both Landis and the Commonwealth. On appeal, the district court affirmed summarily in an order dated April 23, 1981.
ANALYSIS
As a threshold matter, the parties disagree as to the correct standard of review applicable to this appeal. The appellant, Conestoga, contends that the appropriate standard is the “clearly erroneous or contrary to law” standard. The appellees argue that review should be limited to determining whether there was an abuse of discretion. In our judgment, Conestoga’s view is correct. The abuse of discretion standard is only relevant if under applicable law the issue is left to the discretion of the court below. In this case, we have concluded that under the applicable law the bankruptcy *1013 judge had no discretion to allow untimely claims.
Filing proof of claims is governed by § 57 of the Bankruptcy Act, 11 U.S.C. § 93 which provides in pertinent part:
Sec. 57. (11 U.S.C. § 93.) Proof and Allowance of Claims
a. A proof of claim shall consist of a statement in writing and signed by a creditor, setting forth the claim; the consideration therefor; whether any and, if so, what securities are held therefor; and whether any and, if so, what payments have been made thereon; and that the claim is justly owing from the bankrupt to the creditor. A proof of claim filed in accordance with the requirements of the Bankruptcy Act, the General Orders of the Supreme Court, and the official forms, even though not verified under oath, shall constitute prima facie evidence of the validity and amount of the claim.
l|( # *)(<!(< >(<
n. Except as otherwise provided in this Act, all claims provable under this Act, including all claims of the United States and of any State or any subdivision thereof, shall be proved and filed in the manner provided in this section. Claims which are not filed within six months after the first date set for the first meeting of creditors shall not be allowed: Provided, however, that the court may, upon application before the expiration of such period and for cause shown, grant a reasonable fixed extension of time for the filing of claims by the United States or any State or any subdivision thereof: Provided further, that the right of infants and insane persons without guardians, without notice of the bankruptcy proceedings, may continue six months longer: And provided further, that a claim arising in favor of a person by reason of the recovery by the trustee from such person of money or property, or the avoidance by the trustee of a lien held by such person, may be filed within thirty days from the date of such recovery or avoidance, but if the recovery is by way of a proceeding in which a final judgment has been entered against such person, the claim shall not be allowed if the money is not paid or the property is not delivered to the trustee within thirty days from the date of the rendering of such final judgment, or within such further time as the court may allow. When in any case all claims which have been duly allowed have been paid in full, claims not filed within the time herein above prescribed may nevertheless be filed within such time as the court may fix or for cause shown extend and, if duly proved, shall be allowed against any surplus remaining in such case. (Emphasis supplied).
It is clear from the plain language of § 57(n) that the key requirements for the presentation of the claims at issue are 1) a writing and 2) filing within six months of the first creditors’ meeting. None of the exceptions listed in the statute applies to the claims of the appellees, Landis and the Commonwealth.[1]
Landis argues that under the bankruptcy court’s equitable powers its claim should be allowed. In its favor it points out that its claim was listed by the bankrupt on the schedule of creditors, that there was an extreme emergency, that it communicated with the Trustee prior to the filing deadline, and that the claim was filed only a few days out of time.
*1014 The law is settled in the Third Circuit that § 57(n), 11 U.S.C. § 93(n), is to be strictly construed. See In re Mellen Manufacturing Co., 287 F.2d 37 (3d Cir. 1961).[2] In Mellen, Judge Goodrich speaking for the court stated,
It is pointed out that “expeditious administration was a prime objective of the 1938 amendments” (186 F.2d 132) and that this Court found indications that the Congressional intent was that the periods of limitation set up were to be strictly enforced. “Modern administration requires a definitive cut-off date past which claims may riot be filed,” said the Court. 186 F.2d 133.
Mellen, supra, at 38.
Even where the equities have weighed strongly in favor of extending the time period, we have upheld the strict six month time limit. See In re Vandergrift, 341 F.2d 921 (3d Cir. 1965) (per curiam), affirming 232 F.Supp. 857 (W.D.Pa.1964).[3] Thus, under Third Circuit law the bankruptcy court did not have the equitable power to extend the filing date for Landis, even a few days.
The bankruptcy court cited Pepper v. Litton, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 *1015 (1939) in support of its decision, but its reliance on Pepper is misplaced. Pepper involved a fraudulent claim which had been reduced to judgment. In Pepper, the United States Supreme Court held that the bankruptcy court, in the exercise of its equitable powers, could look behind an apparently valid state court judgment and deny the judgment holder priority over other creditors where the judgment was fraudulently obtained. The Supreme Court spoke broadly in Pepper about the equitable powers of the bankruptcy court, but it was not considering a timeliness problem. Pepper is inapposite to the issues in this case. In the face of binding precedent, the bankruptcy court’s reliance on Pepper was erroneous, and its decision was contrary to Third Circuit law.
Landis argues, however, that the extraordinary nature of the crisis engendered by the nuclear accident distinguishes this case from prior Third Circuit cases on the issue. Because there was no evidence in the record of the extent of disruption to business activity caused by the emergency, this court requested additional documentation. Lan-dis submitted several newspaper clippings, all but one dated March 30, 1979. These clippings indicate that a general evacuation of the four county area around the nuclear plant was considered, but not implemented. Pregnant women and pre-school children within a five-mile radius of the plant were advised to leave the area. Although the clippings substantiate the fact that there was considerable concern and anxiety created by the emergency, they do not indicate the extent of disruption. Certainly a serious nuclear accident is a rare occurrence, but we are not inclined to create an exception to long-standing Third Circuit precedent on the basis of such an inadequate record.
As an alternative argument, Landis contends that the telephone call to the Trustee can be viewed as a timely oral filing which was later amended. We disagree. We have implicitly rejected the validity of an amendment to an oral filing in In re Supernit, 186 F.2d 130 (3d Cir. 1950).[4] In Supernit, the bankruptcy court allowed an untimely claim dated January 5, 1950 to be filed nunc pro tunc as of May 12,1949. On May 12, the creditor’s attorney had made mention of his client’s claim during part of the bankruptcy proceedings. The bankruptcy court treated this as an oral filing which was later amended in writing. The district court affirmed and we reversed, rejecting the characterization of the untimely filing as an amendment. Supernit, supra, at 133.
In summary, the district court’s order affirming the bankruptcy court’s decision to allow Landis’ untimely claim, either in the exercise of equitable powers or as an amendment to an oral filing, must be reversed on the basis of Mellen and Supemit.
The bankruptcy court’s allowance of the Commonwealth’s untimely claim was also erroneous. The Commonwealth’s claim was filed more than two months after the six month deadline. Bureaucratic ineptitude appears to be responsible for the late filing. Section 57(n) and Bankruptcy Rule 302(e) allow the government to obtain an extension for filing its claims providing it makes the application prior to the deadline. In this case there was no prior application. Thus the same strict reading of the statute required by Third Circuit law is applicable to the Commonwealth’s claim.
The Commonwealth argues that the purpose of the Bankruptcy Act — namely to give the debtor a fresh start — would be better served by allowing its claim. Unlike the claims of ordinary creditors which are discharged by bankruptcy, tax claims are non-dischargeable. Thus, if the Commonwealth’s claim is disallowed, the debtor will still be burdened with the tax debt. At first glance, it seems unfair that the debtor should suffer on account of the Commonwealth’s carelessness. However, as appellant correctly points out, the Bankruptcy *1016 Rules provide a self-help method in Rule 303 by which a debtor can avoid the dilato-riness of the state. Rule 303 provides in pertinent part:
If a creditor having a provable claim for taxes or wages fails to file his claim on or before the first meeting of creditors, the bankrupt may execute and file a proof of such claim in the name of the creditor.
The debtor in this case did not avail himself of Rule 303. The bankruptcy court in its opinion states that the debtor did not know he had the right to file the claim for the Commonwealth. It is not clear from the record whether the debtor was represented at the relevant time by counsel or not. The certificate of service in the appendix lists an attorney for the bankrupt. Certainly, if the debtor had an attorney, he cannot claim to be ignorant of the Bankruptcy Rules. Nevertheless, while the absence of an attorney would weigh in favor of allowing the untimely claim on equitable grounds, as previously noted § 57(n) as interpreted by the Third Circuit does not give the bankruptcy court the discretion to weigh equitable considerations and allow untimely claims.
The Commonwealth further argues that the listing of its claim in the schedule of creditors should be construed as an initial filing. Then the actual filing of its claim on June 20, 1979 would be a valid amendment. However, listing a claim in the schedule of creditors is not the equivalent of filing a proof of claim. We rejected this argument in In re Supernit, 186 F.2d 130 (3d Cir. 1950) stating:
To permit the filing of a proof of claim under the guise of an amendment months out of time on the theory that a creditor who has a scheduled claim has taken an active part in the proceeding through an attorney would militate against the efficient administration of bankruptcy proceedings.
Supernit, supra, at 132-133.
In the instant case, the attorney for the Commonwealth did not even take an active part in the proceedings. It is clear, then, that mere listing in the schedule of creditors is not sufficient to constitute a filing of a claim to which the actual filing can be considered an amendment. Accordingly, the bankruptcy court’s allowance of this claim and the district court’s subsequent affirmance are contrary to Third Circuit law.
CONCLUSION
Under applicable Third Circuit law, the bankruptcy court had no discretion to allow the untimely filed proofs of claim for equitable reasons. The district court’s order of affirmance is reversed and the case will be remanded for further proceedings in accordance with this opinion.

. Although § 57(n) does give a bankruptcy court the power to grant an extension of time to states, application for that extension must be made prior to expiration of the six month filing period. Since the Commonwealth failed to apply for such an extension and filed its claim more than two months after the statutory deadline had passed, this exception does not apply to the Commonwealth’s claims.
“It is to be noted that because the bankruptcy proceedings herein commenced prior to October 1, 1979, the provisions of the Bankruptcy Reform Act of 1978, Pub.L. No. 95-598, 92 Stat. 2549, are not applicable. See Pub.L. No. 95 598, tit. IV, § 403(a), 92 Stat. 2683.”

. This circuit’s strict construction of § 57(n) is mirrored in the Bankruptcy Rules. Section 57(n) is implemented by Rule 302(e). That Rule provides in pertinent part:
Rule 302. Filing Proof of Claim
(e) Time for Filing. A claim must be filed within 6 months after the first date set for the first meeting of creditors, except as follows:
(1) On application before the expiration of such period and for cause shown, the court may grant a reasonable, fixed extension of time for filing of a claim by the United States, a state, or a subdivision thereof.
(2) In the interest of justice the court may grant an infant or incompetent person without a guardian up to an additional 6 months for filing a claim.
(3) A claim which arises in favor of a person or becomes allowable because of a judgment for the recovery of money or property from such person or because of a judgment denying or avoiding a person’s interest in property may be filed within 30 days after such judgment becomes final, but if the judgment imposes a liability which is not satisfied, or a duty which is not performed, within such period or such further time as the court may permit, the claim shall not be allowed.
(4) If notice of no dividend was given to creditors pursuant to Rule 203(b), and subsequently the payment of a dividend appears possible, the court shall notify the creditors of that fact and shall grant them a reasonable, fixed time for filing their claims of not less than 60 days after the mailing of the notice or 6 months after the first date set for the first meeting of creditors, whichever is the later.
(5) If all claims allowed have been paid in full, the court may grant a reasonable, fixed extension of time for the filing of claims not filed within the time hereinabove prescribed against any remaining surplus.
The Bankruptcy Rule on enlarging time, Rule 906, explicitly excludes Rule 302(e) from discretionary enlargement except as expressly provided in Rule 302 itself.
Rule 906 provides:
Time
(a) Computation. In computing any period of time in a bankruptcy case Rule 6(a) of the Federal Rules of Civil Procedure applies.
(b) Enlargement. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without application or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon application made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 107(b)(2), 115(b)(4) insofar as it makes Rule 50(b) of the Federal Rules of Civil Procedure applicable in bankruptcy cases, 302(e), 403(c), 607, 752(b), 802, 923, and 924, except to the extent and under the conditions stated in them. (Emphasis supplied)
Accordingly, the implementing rules indicate that the time period in § 57(n) is not to be expanded at the discretion of the bankruptcy court, but only as expressly provided.

. In Vandergrift, the bankruptcy court allowed the untimely claims of the bankrupt’s widow. Closing of the estate had been delayed by litigation in the state court to obtain a particular asset. The widow’s claims were filed about 7 months after the Trustee obtained the asset. She claimed she had not received notice of the creditors’ meeting.
The district court reversed the order allowing the claim and we affirmed the district court.

. Although Supernit involved filing claims in a reorganization under Chapter XI, we consider the analysis underlying that decision to be equally applicable to filing claims under § 57(n). See In re Mellen Manufacturing Co., 287 F.2d 37 (3d Cir. 1961).