**In re CBS MILLWORK SUPPLY, INC. formerly known as Clifton Builders Supply Corp., Debtor.**

**Bankruptcy No. 77-1733K.**

United States Bankruptcy Court, E. D. Pennsylvania.

Aug. 5, 1982.

---

5. 42 Pa.Cons.Stat. § 5527(6).

Stephen J. McEwen, Jr., Media, Pa., Trustee.

I. Leonard Hoffman, Philadelphia, Pa., for bankrupt.

Henry Wessel, Philadelphia, Pa., for trustee.

William W. Spalding, Philadelphia, Pa., for claimant/Victor S. Panaccion.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This case reaches this Court on a motion for summary judgment concerning the validity of Proof of Claim No. 36 filed by Victor S. Panaccion against CBS Millwork Supply Inc. Upon consideration of the Trustee's motion, claimant's answer and cross-motion, and all pleadings before us,

this Court will enter an Order granting the Trustee's motion for summary judgment.[1]

The complex factual situation of this case warrants explanation. On January 27, 1974, Victor Panaccion sold the assets, inventory and equipment of Clifco Millwork and Lumber to Herman Yerger who also owned and controlled CBS Millwork Supply, Inc. Subsequently, in February and March of 1974, security and financing agreements were executed by Herman Yerger in favor of Victor Panaccion. The purchase price of $505,844.47 was never tendered.

In October of 1977, CBS Millwork and Supply, Inc. filed its voluntary petition in bankruptcy. In accordance with Section 55(a) of the Bankruptcy Act, the Court scheduled a first meeting of creditors for February 1, 1978. Counsel for various parties in interest were present, including Charles C. Coyne, Esquire, who represented Victor Panaccion, the claimant. Thereafter, a proof of claim was filed by Panaccion on August 18, 1978. However, this filing occurred seventeen (17) days after the six month period during which a proof of claim may be filed after the first meeting of creditors.[2] As a result, the trustee filed an objection to the aforesaid proof of claim.

The sole issue before this Court, therefore, is whether the proof of claim in question was timely filed. Because the claimant has been unable to offer into evidence any specific facts supporting his argument that he filed his proof of claim in a timely fashion, this Court will grant summary judgment for the trustee in accordance with Rule 56(e) of the Federal Rules of Civil Procedure.[3]

---

1. This Opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure. Although the Bankruptcy Act has been superseded by the Bankruptcy Code as of October 1, 1979, the provisions of the Act still govern petitions filed before that date. Bankruptcy Reform Act of 1978, Pub.L.No. 95–598, § 403, 92 Stat. 2683 (2978).

2. Bankruptcy Rule 302(e). 11 U.S.C. § 57(n) of the Bankruptcy Act.

3. (e) ... When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

The core of the claimant's argument is without merit. To summarize his position, claimant avers that where there is anything in the record in a bankruptcy proceeding which establishes a claim against the bankrupt, it may be used as a basis for amendment, if substantial justice will be done by allowing amendment. *Fyne v. Atlas Cement Company*, 245 F.2d 107 (4th Cir. 1957).[4] Although his position is sound case law in several circuits, it is not accepted by the Third Circuit.

The issue at bar has been decided several times in this Circuit and on each occasion, Section 57 of the Bankruptcy Act has been strictly applied.[5] *In re Mellen Manufacturing Company*, 287 F.2d 37 (3rd Cir. 1961) held that timeliness of filing is not an open question in the Third Circuit.

'Expeditious administration was a prime objective of the 1938 amendments and this court found indications that Congressional intent was that periods of limitations set up were to be strictly enforced. 'Modern administration requires a definitive cut-off date past which claims may not be filed.'

*Id.* at 38 citing *In re Supernit, Inc.*, 186 F.2d 130, 132 (3rd Cir. 1950).

As a result of this binding precedent, this Court requires that valid proof of claim conform to two (2) criteria: 1) that it be in writing and 2) that it be filed within six (6) months of the first creditors' meeting. Although the proof of claim filed on August 18, 1978 fulfilled the first requirement, it unquestionably exceeded the statutory six-month filing period. Consequently, this Court is left with no recourse other than to disallow claimant's proof of claim, . . ." as it is well established that the statutory six months' period is mandatory and immutable. This is a statute of limitations. It is even more. It is a prohibition. It is peremptory." 3 Collier on Bankruptcy (14th Edition) ¶ 57.27 p. 418.

In addition, contrary to the claimant's argument, it is not within the discretion of this Court, despite the equities of the situation, to extend this six-month period.[6] This position has been clearly and recently stated in the case of *In re James P. Pigott, t/d/b/a James P. Pigott Building Materials*, 674 F.2d 1011 (3rd Cir. 1982). In that case, the Third Circuit Court of Appeals vigorously affirmed the holdings of *In re Mellen, supra* and *In re Supernit, supra*. Specifically, *Pigott* held that "even where the equities have weighed strongly in favor of extending the time period, we have upheld the strict six-month time limit. Thus, under Third Circuit law, the bankruptcy court [does] not have the equitable power to extend the filing . . . even for a few days." *Id.* at 1014.

Finally, even if this Court possessed the discretionary power to waive the statutory six-month filing period, we would refrain from so doing because the equities in this case at hand do not favor the claimant. Victor Panaccion claims that he was prejudiced from timely filing his proof of claim because the principal of Clifco and CBS

---

**4.** Also see, *In re Matter of Vega Baja Lumber Yard, Inc.*, 285 F.Supp. 143 (D. Puerto Rico 1968); *In re Hotel St. James Co.*, 65 F.2d 82 (9th Cir. 1933) and *In re Lipman*, 65 F.2d 366 (3rd Cir. 1933).

**5.** Section 57. (11 U.S.C. § 93) Proof of Allowance and Claims
a. A proof of claim shall consist of a statement in writing and signed by a creditor, setting forth the claim, the consideration therefore; whether any and, if so, what payments have been made thereon; and that the claim is justly owing from the bankrupt to the creditor

. . . . .

n. Except as otherwise provided in this Act, all claims provable under this Act, including all claims of the United States and of any state or any subdivision thereof, shall be proved and filed in the manner provided in this section. *Claims which are not filed within six months after the first date set for the first meeting of creditors shall not be allowed.*

**6.** See *In re James P. Pigott, t/d/b/a James P. Pigott Building Materials*, 674 F.2d 1011 (3rd Cir., 1982) in which the Court there held that the nuclear accident at Three Mile Island was not sufficiently compelling to permit the Court to exercise its equitable powers because of the strict interpretation of Section 57(n) of the Bankruptcy Act.

failed to schedule Clifco, failed to file amended schedules as ordered by the Court, failed to send notices to the trustees of Clifco, and failed to file a proof of claim as the principal of Clifco, on behalf of Clifco, against CBS. Despite these allegations, this Court believes that the claimant had inquiry notice and, as a result, failure to file his proof of claim prior to August 1, 1978, was a result of his own negligent conduct.

Claimant had knowledge of the CBS debt to Clifco. On February 1, 1978, the date of the first meeting of creditors in the CBS case, the claimant was represented at that meeting by his attorney, Charles C. Coyne, Esquire. It is undisputed that at that time, the claimant had knowledge of the indebtedness of CBS to Clifco, as evidenced by the statements made on the record by Charles C. Coyne:

> "I represent Victor S. Panaccion, the principle creditor, and probably the sole creditor of Clifco Building Supply, which is a creditor of CBS." [7]

Furthermore, Clifco was adjudicated a bankrupt on March 9, 1978. Although its schedule of assets was in error because of failure to list an account receivable in the amount of $225,000 due from CBS to Clifco, claimant knew of this possible debt at that time. It must be noted that failure to ascertain the exact figure of the debt does not foreclose the filing of a proof of claim. An approximation would have sufficed until such time that knowledge of the exact figure would have facilitated amendment.

Such time occurred on July 6, 1978, when the first meeting of creditors of Clifco was held. At this meeting, it was established that CBS was indebted to Clifco for $225,-000.

(Mr. Hoffman, Counsel for Clifco)

> There would be an accounts receivable due and owing the bankrupt (Clifco) in the amount of $225,000 as a result of a trade creditor's obligation with another corporation which is in bankruptcy before Your Honor. The creditor is listed and

the obligation is noted in favor of Clifco Millwork and Lumber, Inc., the present bankrupt.

(The Court)

> What is the name of the creditor:

(Mr. Hoffman)

> CBS Millwork Supply, Inc.[8]

Without doubt, therefore, the claimant was apprised of the exact debt which CBS owed to Clifco as of July 6, 1978, more than three weeks prior to the August 1, 1978 filing deadline. As a result, failure to file a proof of claim in a timely manner rests solely upon the claimant.

For these reasons, therefore, claimant has failed to prove that his proof of claim was filed timely. In accordance with Rule 56 of the Federal Rules of Civil Procedure, this Court must grant Summary Judgment for the Trustee.

---

7. Notes of Testimony of first meeting of creditors of CBS held on February 1, 1978, pp. 4–5.

8. Notes of Testimony of first meeting of creditors of Clifco held on July 6, 1978, pp. 4–5.