## In re VALLEY FORGE CORPORATION (formerly known as Modular Sciences, Inc. and Commercial Acceptance Corporation), Debtor.

### Bankruptcy No. 75–868G.

United States Bankruptcy Court,
E.D. Pennsylvania.

Feb. 7, 1983.

Edward B. Cloues, II, Morgan, Lewis & Bockius, Philadelphia, Pa., for debtor, Valley Forge Corp.

Gary M. Perkiss, Joseph R. Pozzuolo Associates, P.C., Philadelphia, Pa., for creditor, Tekology Corp.

Robert Sherman Bramson, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for the Creditors' Committee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue in the case at bench is whether we have the equitable power to allow a proof of claim filed by a creditor in a chapter XI case, after the bar date for the filing of claims, set out in section 355 of the Bankruptcy Act ("the Act").[1] We conclude, under the applicable law of this circuit, that we have no such power. Hence, we .will disallow the creditor's untimely filed proof of claim.

The facts of this case are as follows:[2] In 1973, Tekology Corporation ("Tekology") loaned $182,500.00 to the Valley Forge Corporation ("the debtor"). In 1975, the debtor filed a petition under chapter XI of the Act. Tekology was listed on the debtor's amended schedules at the address last known to

---

1. Although the Bankruptcy Act has been superseded by the Bankruptcy Code as of October 1, 1979, the provisions of the Act still govern petitions filed before that date. The Bankruptcy Reform Act of 1978, Pub.L. No. 95–598, § 403, 92 Stat. 2683 (1978).

2. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

the debtors. However, Tekology had moved, and notices sent to its former address were returned, undelivered.[3] On June 9, 1978, the debtor's plan of reorganization was confirmed and on June 23, 1978, pursuant to section 355 of the Act, notices were sent to creditors fixing the bar date for filing claims as July 31, 1978. It was not until 1980,—two years later,—when the case was about to be closed, that Tekology sought to file its claim.[4]

The filing of a proof of claim in a confirmed chapter XI case is governed by section 355 of the Act and by Rule 11–33(b)(2) of the Rules of Bankruptcy Procedure. Section 355 provides that:

> Sec. 355. Creditors, including the United States, any State, and any subdivision thereof, shall file their proofs of claim before confirmation except as follows:
>
> (1) if scheduled by the debtor, a claim may be filed within thirty days after the date of mailing notice of confirmation to creditors but shall not be allowed for an amount in excess of that set forth in the debtor's schedules; ...

and Rule 11–33(b)(2) provides that:

> (2) Time for Filing. A claim, including an amendment thereof, must be filed before confirmation of the plan except as follows:
>
> (A) if scheduled by the debtor as undisputed, not contingent, and liquidated as to amount, a claim or an amendment to a claim may be filed within 30 days after the date of mailing notice of confirmation to creditors but in such event shall not be allowed for an amount in excess of that set forth in the schedule; ...

■ The court owes no duty to search for the creditor. On the contrary, Rule 11–

24(e) makes Bankruptcy Rule 203(e) applicable to chapter XI cases by providing:

> All notices to which a creditor is entitled under these rules shall be addressed to the creditor as he or his duly authorized agent may direct in a request filed with the court; otherwise, to the creditor at the address shown in the schedules, or, if a different address is stated in a proof of claim duly filed, then at the address so stated.

It is clear that, in the case before us, this was done. Tekology lodged no address with the court, hence the only notice sent it (which contained the bar date for the filing of claims) was mailed to its former address only.

The Court of Appeals for the Third Circuit has strictly construed the section of the Act dealing with the filing of proofs of claim.[5]

In both *In re Mellen Manufacturing Co.,* 287 F.2d 37 (3rd Cir.1961) and *In re Pigott,* 684 F.2d 239 (3rd Cir.1982), the Court of Appeals held that the bankruptcy court has no discretion to allow untimely filed proofs of claim for equitable reasons. While *Pigott* was a liquidation case, and therefore was governed by section 57(n), the rationale of *Pigott* applies equally to section 355.

> The law is settled in the Third Circuit that § 57(n), 11 U.S.C. § 93(n), is to be strictly construed. *See In re Mellen Manufacturing Co.,* 287 F.2d 37 (3d Cir.1961). In *Mellen,* Judge Goodrich speaking for the court stated,
>
> "it is pointed out that 'expeditious administration was a prime objective of the 1938 amendments' (186 F.2d 132) and that this Court found indications that the Congressional intent was that the periods of limitation set up were to

---

**3.** Tekology alleges in its memorandum of law and offered affidavits asserting that, in 1975, two of Tekology's officers orally advised the debtor's president that Tekology was no longer conducting business at their former address and that all correspondence should be directed to Tekology's lawyer in New York City. Of course, such affidavits have no evidentiary value.

**4.** One cannot but wonder at Tekology's apparent indifference to its claim of $182,500.00 since it professes that it was, unaware until 1980, that the debtor had filed a chapter XI petition.

**5.** Sections 57(n) in liquidation cases, and 355 in reorganization cases.

be strictly enforced. 'Modern administration requires a definitive cut-off date past which claims may not be filed,' said the Court." 186 F.2d 133. *Mellen, supra,* at 38.

Even where the equities have weighed strongly in favor of extending the time period, we have upheld the strict six month time limit. *See In re Vandergrift,* 341 F.2d 921 (3d Cir.1965) *(per curiam),* affirming 232 F.Supp. 857 (W.D.Pa.1964). Thus under Third Circuit law the bankruptcy court did not have the equitable power to extend the filing date . . . even a few days.

*Pigott, supra,* 684 F.2d at 243.

■ Similarly, in the case *sub judice,* since we do not have the equitable power to allow proofs of claim filed by creditors after the expiration of the bar date mandated by section 355 of the Act and Rule 11–33(b)(2)(A), we will disallow Tekology's untimely filed proof of claim.