**In re TOBILAR, INC., Debtor.**

**Bankruptcy No. 481–00034–LO.**

United States Bankruptcy Court, W.D. Louisiana.

May 4, 1983.

Ralph K. Lee, Jr., New Iberia, La., for Javeler.

William E. Steffes, Baton Rouge, La., for debtor.

## OPINION

RODNEY BERNARD, Jr., Bankruptcy Judge.

This matter comes before the court upon the motion of Javeler Construction Company for authority to file a proof of claim. There is no factual dispute inasmuch as Javeler admits that the bar date for the filing of claims has long since passed.

The rule which appears to be applicable is Local Rule 3001, providing that any creditor whose claim is listed as disputed, contingent or unliquidated shall file a proof of claim prior to the approval of the disclosure statement unless a different time is fixed by the court. The schedules do not reflect a listing of the disputed debt to Javeler but it is undisputed that Javeler knew of the Chapter 11 filing since its state court suit was removed on March 25, 1981, three months after the bankruptcy case was commenced and four months prior to approval of the disclosure statement on July 24, 1981.

The jurisprudence relating to the permissibility of late filings of claims militates against allowing Javeler to file its claim. In *Slaw Construction Corporation v. Hughes Faulkrod Construction Company and Home Insurance Company,* 17 B.R. 744, 8 BCD 986, Bkrtcy.Pa.1982, the court allowed a late filing where the claim arose out of the debtor's assumption of an executory contract which may have been entitled to priority status as an administrative claim.

A case containing facts similar to the case at bar is *In re Alsted Automotive Warehouse, Inc.,* 16 B.R. 924, Bkrtcy.N.Y.1982. There, the trustee had attacked the claims of two allegedly secured creditors and sought to sell the inventory which was subject to their security interests. The creditors applied for an order advancing the date

of trial, in order to protect their interests and argued that the filing of the application constituted timely informal proofs of claims which would enable them to amend by filing formal proofs of claim at a later date. The court described the six month limitation of Rule 302(a) & (e) as a statute of limitations and quoted the Second Circuit in *Hoos & Co. v. Dynamics Corporation of America,* 570 F.2d 433, 439, 2nd Cir.1978 in setting forth the practical considerations, as follows:

[To permit the late filing of a claim] would put the bankruptcy courts in the unenviable position of indefinitely having to consider claims whenever some sort of excuse is asserted. Such a procedure would destroy the objective of finality which Congress obviously intended to promote.

See also *In re Popular Fruit Produce, Inc.* 21 B.R. 185, Bkrtcy.N.Y.1982; *In re CBS Millwork Supply, Inc.* 21 B.R. 960, Bkrtcy. Pa.1982.

The motion must be denied.