## In re FLEMING CONSTRUCTION CORPORATION, Bankrupt.

### Bankruptcy No. 78–375G.

United States Bankruptcy Court,
E.D. Pennsylvania.

Oct. 3, 1985.

Wolf, Block, Schorr and Solis-Cohen, Michael L. Temin, Philadelphia, Pa., for Trustee, David Braveman.

Edward Fackenthal, Norristown, Pa., for Gladys W. Fleming.

David Braveman, Philadelphia, Pa., Trustee.

## MEMORANDUM OPINION

EMIL F. GOLDHABER, Chief Judge:

The threshold issue in this case is whether a proof of claim, filed untimely after the bar date fixed by the court, may be allowed. The answer is,—it may not.

In the case at bench the facts are not in dispute.[1] An involuntary petition in bankruptcy was filed against this debtor on March 22, 1978. In due course, the court mailed notices to all creditors, including Gladys Fleming, a purported creditor, that the first meeting of creditors would be held on June 1, 1978, and that the last day for creditors to file claims was December 1, 1978. Gladys Fleming filed her proof of claim (dated December 29, 1978) on Decem-

---

**1.** This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

ber 29, 1978. The trustee accordingly filed an objection to the allowance of said claim.

 The law has been settled for decades in the Third Circuit that § 57(n), 11 U.S.C. § 93(n) is to be strictly construed. That section provides that

> n. Except as otherwise provided in this Act, all claims provable under this Act, including all claims of the United States and of any State or subdivision thereof, shall be proved and filed in the manner provided in this section. Claims which are not filed within six months after the first date set for the first meeting of creditors, shall not be allowed:

Accordingly, in *In Re Mellen Manufacturing Company,* 287 F.2d 37 (CCA 3, 1961) Judge Goodrich ruled that

> We do not regard the question as an open one in this Circuit. In the case of *In re Supernit, Inc.,* 3 Cir., 1950, 186 F.2d 130, the question was discussed by the Court through an opinion by Chief Judge Biggs. It was pointed out that the rule in this Circuit even prior to the 1938 amendments has been stricter than that in other circuits. It was also stated that the statute of limitations was the result of abuses which "Congress has continuously sought to avoid * * * " 186 F.2d 132. It is pointed out that "Expeditious administration was a prime objective of the 1938 amendments" (186 F.2d 132) and that this Court found indications that the Congressional intent was that the periods of limitation set up were to be strictly enforced. "Modern administration requires a definitive cut-off date past which claims may not be filed," said the Court. 186 F.2d 133.

(287 F.2d 37, 38).

More recently, in *In Re Pigott,* 684 F.2d 239 (CCA 3, 1982) the Court of Appeals for the Third Circuit reaffirmed this decision, holding that

> Claims which are not filed within six months after the first date set for the first meeting of creditors shall not be allowed ... It is clear from the plain language of § 57(n) that the key requirements for the presentation of the claims

at issue are (1) a writing and (2) filing within six months of the first creditors' meeting.

(684 F.2d 239, 242).

 The proof of claim of Gladys Fleming having been filed 28 days late, we have no alternative but to disallow it.