### In re BOCK LAUNDRY MACHINE COMPANY, Debtor.

### Bankruptcy No. 83–00101.

United States Bankruptcy Court, N.D. Ohio, W.D.

Dec. 10, 1985.

See also 37 B.R. 564.

Ruth A. Meacham, Toledo, Ohio, for debtor.

David H. Singer, New York City, for Regina & Daisy Meyers.

## MEMORANDUM OPINION
## AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon the Motion to Accept Late Filing of Proofs of Claim filed by Regina Meyers and Daisey Meyers. The parties have agreed that the issues addressed by this Motion are primarily issues of law and that the Court may reach a decision on this Motion based upon the written arguments of counsel. Pursuant to that agreement, the parties have submitted their arguments and have had the opportunity to respond to the arguments made by opposing counsel. The Court has reviewed those arguments as well as the entire record in this case. Based upon that review, and for the following reasons, the Court finds that the Motion to Accept Late Filing of Proofs of Claim should be DENIED.

### FACTS

The facts in this case do not appear to be in serious dispute. Prior to the filing of the Debtor-In-Possession's Petition, the Movants were plaintiffs in a personal injury action against the Debtor-In-Possession which had been filed in the Supreme Court of the State of New York, County of Kings. A trial had been conducted on the issue of the Debtor-In-Possession's liability. However, as of January 21, 1983, the date on which the Debtor-In-Possession filed its voluntary Chapter 11 Petition with this Court, no decision had been issued.

In the schedules which were filed with the Debtor-In-Possession's Petition the Movants were listed as disputed unliquidated creditors. The Movants' counsel was notified of the filing of the petition. Shortly after the filing of that Petition, the New York Court issued a ruling which found the Debtor-In-Possession liable to the Movants. Subsequently, the Movants' counsel, one Albert Silberman, indicated to the Debtor-In-Possession's counsel that he intended to continue prosecution of the damages segment of the personal injury suit. In response, the Debtor-In-Possession initiated an adversary action in this Court, wherein they sought to enjoin the Movants from proceeding in New York. The Movants filed both an Answer and a counterclaim in that adversary action. The counterclaim sought a relief from the automatic stay for the purpose of continuing their prosecution of the state litigation. On April 19, 1983, this Court enjoined the Movants from continued prosecution of their case.

At some time following the entry of the injunction, Mr. Silberman contacted counsel for the Debtor-In-Possession regarding the status of the reorganization. On February 10, 1984, the Debtor-In-Possession filed its Disclosure Statement and Plan of Reorganization. On April 23, 1984, this Court entered an Order approving the Disclosure Statement and setting May 30, 1984, as the last day on which claims could be filed in this case. Counsel for the Movants was served with a copy of the Disclosure Statement, the Order Approving the Disclosure Statement, and the Plan of Reorganization. Shortly thereafter, the Movants' counsel again contacted counsel for the Debtor-In-Possession regarding the status of the reorganization. On June 8, 1984, this Court entered an Order which confirmed the Debtor-In-Possession's Plan of Reorganization. The Plan provided that only those disputed unliquidated creditors who had timely filed proofs of claim would be entitled to a distribution under the Plan. As of the date of confirmation, the Movants had not filed a proof of claim in this case.

At some time subsequent to the Order of Confirmation, the Movants retained one David Singer to further represent them in their proceedings against the Debtor-In-Possession. Mr. Singer contacted counsel for the Debtor-In-Possession with regard to the status of the reorganization and the Movants' claim. The specific date on which this contact occurred is unclear. During February of 1985, Mr. Singer again contacted counsel for the Debtor-In-Possession. At that time he indicated that the Movants' prior counsel had been unable to contact the Movants for an extended period of time, and that as a result he was unable

to have them timely execute their proofs of claim. He also indicated that the Movants had now signed the proofs of claim and that he would be filing a motion to have those proofs of claim accepted as though they had been timely filed. It appears that Mr. Silberman's inability to contact the Movants resulted from a fire in the Movants home and their subsequent relocation to another address. It also appears that the Movants did not advise their counsel of their new location, nor did they provide him with any means by which to reach them. It is unclear as to what, if any, contact the Movants had with their counsel during the foregoing sequence of events.

## LAW

■ The question presented by this motion is whether or not the Movants should be allowed to file their proofs of claim and to have such proofs of claim accepted as though they were filed prior to the expiration of the original filing period. In this regard, the provisions of 11 U.S.C. Section 1141 state in pertinent part:

... the provisions of a confirmed plan bind the debtor ... and any creditor ... whether or not the claim or interest of such creditor ... is impaired under the plan and whether or not such creditor ... has accepted the plan.

... the confirmation of a plan—

(A) discharges the debtor from any debt that arose before the date of such confirmation ... whether or not—

(i) a proof of the claim based on such debt is filed or deemed filed under section 501 of this title.

Under this provision the terms of a confirmed plan of reorganization bind all creditors to the terms contained therein, regardless of whether or not any particular creditor accepted the plan or is impaired thereby. *In re White Farm Equip. Co.*, 38 B.R. 718 (N.D.Ohio 1984).

■ A review of the plan in the present case finds that it provides for the estimation of unliquidated disputed personal injury claims which have been timely filed. It also provides for the creation of a fund from which the personal injury claimants will receive, based upon the estimation, a pro rata distribution. Implicit in those provisions is the requirement that a claimant, in order to participate in a distribution, must file a claim. Also implicit in those provisions is the fact that any creditor who fails to file a claim will not be eligible to participate in a distribution. These provisions appear to afford the Debtor-In-Possession some finality as to the extent of its reorganization effort. Such a goal is a legitimate and recognizable objective for a plan of reorganization. *See, In re Standard Metals Corp.*, 48 B.R. 778 (D.Col. 1985), *In re Tobilar, Inc.*, 29 B.R. 672 (Bkcy.W.D.La.1983).

A review of the facts in this case finds that the Movants had, from the filing of the Chapter 11 Petition until the last day on which claims could be filed, approximately sixteen months in which to file their claims. It also appears that the Movants waited approximately nine months after the expiration of the filing period before seeking authority to file a delinquent claim. The Movants have argued, through their present counsel, that their inability to timely file a claim resulted from prior counsel's ignorance as to their whereabouts. However, a creditor must accept some responsibility for taking whatever actions are reasonably necessary for protecting his interests. *In re Standard Metals Corp.*, supra. The Movant's prior counsel was apparently aware of the necessity to file a proof of claim and appears to have taken the steps required to do so. The fact that the Movants did not make themselves available to their counsel is the event which caused them to miss the filing date. This Court does not believe it unreasonable to expect a creditor involved in ongoing litigation to keep his counsel apprised of his whereabouts. The failure to do so is a breach of the creditor's duty to protect his interests and to prosecute his claim. Having neglected to live up to that duty, the Movants in this case must suffer the consequences of their own failure. While the Court is sympathetic to whatever circumstances the

Movants may have faced, the delay in this case cannot be justified by any facts which have been presented to this Court. Therefore, it must be concluded that the Motion to Accept Late Filing of Proofs of Claims should be denied.

In reaching this conclusion, the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

It is ORDERED that the Motion to Accept Late Filing Of Proofs of Claim be, and is hereby, DENIED.